Orma Jean MOON *v.* Jim C. CITTY, M.D., Arkansas Health Group, d/b/a Searcy Medical Center

01-9                                                    42 S.W.3d 459

Supreme Court of Arkansas
Opinion delivered April 26, 2001
[Petition for rehearing denied May 31, 2001.]

*The Boyd Law Firm*, by: *Charles P. Boyd, Jr.*, and *Christopher Anderson*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura H. Smith* and *Martin A. Kasten*, for appellees.

W.H. "DUB" ARNOLD, Chief Justice. The issue in this case is whether a party may obtain an extension of time from the trial court to file a posttrial motion under Ark. R. Civ. P. 59(b), thereby extending the time in which a notice of appeal must be filed. We hold, pursuant to Ark. R. Civ. P. 6(b), that such an extension may not be granted and that the trial court erred in ordering such an extension. We, therefore, dismiss the appellant's appeal.

Appellant, Orma Jean Moon, and her husband, Bobby J. Moon, filed suit against appellees in 1998. The case was tried before a jury on August 15-18, 2000. A directed verdict was granted against Bobby J. Moon, and the jury returned a verdict for appellees and against appellant. The judgment was subsequently filed on September 6, 2000. No posttrial motions attacking the judgment were filed until September 29, 2000. Instead, on September 15, 2000, appellant filed a motion for extension of time to file posttrial motions. The trial court granted the motion. The order granting the extension allowed the appellant to file posttrial motions up to and through September 26, 2000.

Before having knowledge that the extension had been granted, appellees filed a response to motion for extension of time to file posttrial motions on September 20, 2000. The appellees objected to the extension, noting that Rule 59 of the Arkansas Rules of Civil Procedure required posttrial motions to be filed within ten days of the judgment. On September 26, 2000, the appellant filed a *second* motion for extension of time to file posttrial motions. The appellees claim that they did not receive notice of such motion. Regardless, a second order granting another extension was issued and filed on September 26, 2000. This second order granted an extension for filing posttrial motions until September 29, 2000.

On September 29, 2000, appellant filed by fax a motion for new trial; the original hard copy was filed on October 2, 2000. The

trial court denied that motion on October 18, 2000. The appellant then filed her notice of appeal on November 16, 2000.

On January 3, 2001, appellees lodged a partial record and filed appellee's motion to dismiss appeal. On January 15, 2001, the appellant filed a response. The next day, appellant filed a motion to supplement partial record, which was granted on February 1, 2001. On February 1, 2001, this Court ordered that appellees' motion to dismiss appeal be submitted as a separate case and further ordered simultaneous briefs from the parties.

■ The question of whether the time for filing posttrial motions under Rule 59(b) may be enlarged is easily answered by referring to Rule 6(b), which addresses the issue of when the court may enlarge the time required under the Rules. As currently written, the Rules are very clear and unambiguous. Rule 59(b) states that a motion for new trial "*shall* be filed not later than 10 days after the entry of judgment." (Emphasis added.) Rule 6(b) clearly states, without qualification, that the court "*may not extend the time* for taking an action under Rule . . . 59(b) . . . except to the extent and under the conditions stated [therein]," of which there are none stated under Rule 59(b). (Emphasis added.)

■ This Court has held that it construes court rules using the same means, including canons of construction, as are used to construe statutes. *Gannett River Pub. v. Ark. Dis. & Disab.*, 304 Ark. 244, 801 S.W.2d 292 (1990)(citing N. Singer, 3A *Sutherland Statutory Construction*, 67.10 (4th ed. 1986)). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). In other words, if the language of the statute is plain and unambiguous, the analysis need go no further.[1] *Id.*

■ It seems evident that the plain-meaning rule controls this case and that the analysis need go no further. The trial court was

---

[1] Appellant makes the argument that due to a slight difference in punctuation between Fed. R. Civ. P. 6(b) and Ark. R. Civ. P. 6(b), we should construe the Arkansas rule more leniently with regard to the filing of a notice of appeal. We reject this argument. *See Horton et al. v. Gillespie*, 170 Ark. 107, 279 S.W. 1020 (1926).

clearly without authority to enlarge the time to file posttrial motions under Rule 59(b). As such, appellees' motion to dismiss the appeal should be granted.

Appellant cites the case of *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000), in support of the proposition that she had the right to rely upon the trial court's granting of an extension, even though the court did not have the power to do so. *King*, however, is distinguishable from this case. In *King*, the issue was in regard to an extension of time to obtain service of process, which the trial court *did* have the authority to grant, upon a proper motion filed before the expiration of the time to obtain service.

In that case, King had properly filed her motion within the proscribed period, and the trial court had granted the extension. The trial court had later rescinded the orders, and dismissed the case with prejudice after King obtained service outside the 120 days, but within the time allowed under the extension, thereby depriving King of her right to bring suit. However, in that case, this Court held that because King had properly filed her motion for extension of time within the proscribed period in accordance with the Rules, she had the right to rely on the trial court's extensions. That is distinguishable from the instant case because, in this case, the Rules provide for no extension of time to file posttrial motions under Rule 59(b), and further provide no way for the trial court to allow such an extension. As such, appellant's reliance, if any, upon the trial court's granting of an extension was misplaced as the Rules plainly, clearly, and unequivocally, require that said motions be filed no later than ten days after entry of judgment.

Appellant maintains that she had good cause to need additional time to prepare her motion, as she did not receive a transcript until the day before the motion was due. This is unpersuasive, as posttrial motions are in no way based upon transcripts, and extensions of time waiting for transcripts are neither contemplated nor permitted under the rules.

For all of the above-stated reasons, the appellant's appeal is hereby dismissed.