## NCS HEALTHCARE OF ARKANSAS, INC. *v.* W.P. MALONE, INC.

02-244                                       88 S.W.3d 852

Supreme Court of Arkansas
Opinion delivered November 7, 2002

[Petition for rehearing denied December 12, 2002.]

*Rose Law Firm*, by: *David L. Williams* and *John D. Coulter*, for appellant.

*Wright, Berry, Daniel, Hughes & Moore, P.A.*, by: *Rodney P. Moore*, for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, NCS Healthcare of Arkansas, Inc., appeals from a default judgment in favor of the appellee, W. P. Malone, Inc. The default judgment was entered following an order of remand from a federal district court. In the first point on appeal, NCS makes two arguments in support of its claim that the circuit court abused its discretion and erred as a matter of law when it entered the default judgment against NCS: (1) the federal pleadings filed in state court after remand satisfy the requirement of Ark. R. Civ. P. 55(a) that a party "plead or otherwise defend"as provided by the Arkansas Rules of Civil Procedure; and (2) the ten-day grace period under Ark. R. Civ. P. 55(f) that begins running "after service of notice upon defendants that the order remanding such case has been filed[,]" was never triggered. Because we agree

with the latter argument, the circuit court's order of default judgment must be reversed.

The merits of the case in circuit court are not at issue on appeal; so, we will only briefly recite the underlying claim. Malone acquired accounts receivable from NCS, including $334,734.68 owed to NCS by PHP HealthCare Corp. PHP filed a Chapter 11 petition for bankruptcy and a preference complaint against Malone to recover the payments made on the NCS receivable.

In August 2000, Malone filed a complaint against NCS in Clark County Circuit Court alleging a breach of the asset purchase contract and requesting indemnity for all losses in connection with the PHP receivable. In September 2000, NCS removed the case to federal court. The case moved forward actively in federal court for almost a year. Upon reconsideration of its earlier denial of Malone's motion to remand, the federal court issued an order on July 11, 2001, remanding the case back to state court for lack of diversity. By a transmittal letter dated July 24, 2001, the federal district court clerk sent the circuit court clerk the following: (1) a certified copy of the order of remand; (2) a copy of the district clerk's docket entries; and (3) the original of sixty-six pleadings filed in federal court. The federal district court clerk copied the July 24, 2001 transmittal letter to all counsel of record. On July 27, 2001, the transmittal letter was stamped filed in the circuit court clerk's office.

At the same time NCS was contending that the federal court pleadings had been filed with the circuit clerk on July 27 and were legally sufficient to constitute an answer, NCS nonetheless filed an answer to Malone's complaint in state court on August 31, 2001, "out of an abundance of caution." Shortly thereafter, Malone filed a motion for default judgment based upon NCS's failure to answer the complaint in a timely manner as required by Arkansas Rule of Civil Procedure 55(f).

On November 16, 2001, the circuit court entered an order granting default judgment. In that order, the circuit court found

that the order of remand from the federal court was filed in the circuit court on July 27, 2001, and that the federal pleadings were filed "in bulk." The court also ruled that "[t]he federal court pleadings do not conform to the Arkansas Rules of Civil Procedure and have no bearing on this action." Upon concluding that NCS's answer filed on August 31, 2001 was untimely, the circuit court struck the answer, and granted Malone's motion for default judgment pursuant to Ark. R. Civ. P. 55(a) and (f). Similarly, the circuit court denied NCS's motion to set aside the default judgment. NCS appeals from the order granting default judgment and the order denying NCS's motion to set aside the judgment.

On appeal, NCS initially contends that its answer included in the federal pleadings filed "in bulk" in state court upon remand of the case was sufficient to satisfy the "plead or otherwise defend" requirements of Ark. R. Civ. P. 55(a). Alternatively, NCS makes four other arguments: (1) the ten-day grace period set forth in Ark. R. Civ. P. 55(f) was never triggered because NCS was not served with notice that the order remanding the case had been filed in state court; (2) the circuit court abused its discretion in granting the default judgment and in refusing to set it aside after entry because any default was a result of mistake, inadvertence, surprise, or excusable neglect, and NCS had a meritorious defense; (3) if this court concludes that NCS was in default under Arkansas law, then the circumstances warrant a modification or reversal of existing law; and (4) the complaint failed to plead facts sufficient to state a claim for indemnification; and, therefore, Malone was not entitled to a default judgment.

### Standard of Review

The standard by which we review the granting of a default judgment and the denial of a motion to set aside the default judgment is whether the trial court abused its discretion. *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Arnold & Arnold v. Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994). However, resolution of the issues on appeal requires this court to interpret Rule 55 of the Arkansas Rules of Civil

Procedure. We construe court rules using the same means, including canons of construction, as are used to construe statutes. *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* We review issues of statutory construction *de novo* as it is for us to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

Rule 55 of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (a) *When Entitled.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court.

> \* \* \* \*

> (f) *Remand from Federal Court.* Whenever a case has been removed to a United States court and thereafter remanded, no judgment by default shall be entered prior to the expiration of ten (10) days after service of notice upon defendants that the order remanding such case has been filed. Within such time the defendants may move or plead as they might have done had the case not been removed.

Ark. R. Civ. P. 55 (a), (f) (2002). We have held that default judgments are not favorites of the law and should be avoided when possible. *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Because of its harsh and drastic nature which can result in the deprivation of substantial rights, a default judgment should only be granted when strictly authorized and when the party affected should clearly know he is subject to default if he

does not act in a required manner. *Southeast Foods, Inc. v. Keener, supra*; *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990).

*The "Bulk" Filing of Federal Pleadings in State Court After Remand*

NCS initially contends that the "bulk" filing in state court of the federal pleadings, including NCS's answers to Malone's original complaint and amended complaint, was sufficient to satisfy the requirement in Rule 55(a) that a party "plead or otherwise defend as provided by these rules." We disagree.

■ This court has long held that after remand from federal court, a case stands as if it had never been removed from state court, and what happened in federal court has no bearing on the proceeding in state court. *Steve Standridge Ins., Inc. v. Langston*, 321 Ark. 331, 900 S.W.2d 955 (1995) (relying on *Allstate Ins. Co. v. Bourland*, 296 Ark. 488, 758 S.W.2d 700 (1988), *cert. denied*, 490 U.S. 1006 (1989)); *B-W Acceptance Corp. v. Colvin*, 252 Ark. 306, 478 S.W.2d 755 (1972); *Trinity Universal Ins. Co. v. Robinson*, 227 Ark. 482, 299 S.W.2d 833 (1957). Moreover, this line of authority has been expressly reiterated in Rule 55(f) that provides an opportunity for the defendant to plead as it "might have done had the case not been removed." Ark. R. Civ. P. 55(f).

NCS's reliance upon its federal pleadings in the state court proceeding is simply contrary to the policy consistently adopted by this court, as reflected in our case law and Rule 55(f) of the Arkansas Rules of Civil Procedure: Trial courts are instructed to proceed on remand as though the case had never been removed and defendants are instructed to plead as though the case had not been removed. A ruling in NCS's favor on this point would not only require this court to overrule the above-cited precedent, but it would also contravene the plain language of Rule 55(f).

■ ■ Furthermore, the federal pleadings at issue here had no bearing on the case after remand because federal pleadings do not necessarily conform with our rules of civil procedure. Federal courts only require "notice" pleadings; whereas Arkansas courts require "fact" pleadings. *McKinney v. City of El Dorado*,

308 Ark. 284, 824 S.W.2d 826 (1992); *Harvey v. Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981). In the instant case, the federal pleading is not addressed to the state court, does not bear a state court case number, and is not certified under Ark. R. Civ. P. 11 (2002). NCS's answer in federal court also names different parties than were originally named in the state court action, and it includes a counterclaim and third-party complaint. Thus, the federal pleading fails to comply with the Arkansas Rules of Civil Procedure.

Another reason militates against our recognition of NCS's federal answer as a responsive pleading in state court. If NCS's federal answer were given full force and effect, the state court might also be bound by all sixty-six federal pleadings and any rulings by the federal court. This we will not do. Even in states that do not require a party to refile pleadings upon remand from federal court, the party is charged with the responsibility of making the trial court aware of the filings and must be able to show proof of service on the other party. *Banks v. Allstate Indemnity Co.*, 143 Ohio App.3d 97, 757 N.E.2d 776 (2001). Here, the bulk filing of the federal pleadings in state court was merely a ministerial act by the circuit court clerk's office. NCS took no affirmative action in state court. More importantly, NCS did not notify the state court or Malone that it intended to adopt the allegations of the federal pleadings as its state court responsive pleading.

### The Ten-Day Grace Period Following Remand

Rule 55(f) provides, in part, "no judgment by default shall be entered prior to the expiration of ten (10) days *after service of notice* upon defendants that the order remanding such case *has been filed*." Ark. R. Civ. P. 55(f) (emphasis added). A deputy clerk in the Clark County Circuit Clerk's Office, Penny Ross, averred by affidavit that she acknowledged receipt of the documents from federal court by returning a copy of the transmittal letter to the federal district clerk "bearing our office's July 27, 2001 'filed' stamp." However, she did not send a copy of the file-stamped

transmittal letter or otherwise give notice of the July 27, 2001 filings to any attorney in this action.

▇▇▇ Strictly construing the plain language of Rule 55(f), as we must, it is clear that the July 24, 2001 transmittal letter from the federal district court clerk to the Clark County Circuit Clerk did not serve notice upon NCS that the order remanding the case had been filed in the state court. That letter merely states that the federal district court clerk is sending the remand order, docket entries, and federal pleadings to the circuit clerk's office.[1] Furthermore, Rule 55(f) does not initiate the ten-day grace period on the filing date of the order of remand; rather, the grace period is triggered by service of notice upon the defendant that the order remanding the case *has been filed* in state court. Ark. R. Civ. P. 55(f).

Because we hold that NCS did not receive service of notice that the order remanding the case had been filed in state court, the circuit court's order of default judgment must be reversed. We, therefore, do not address NCS's other points on appeal.

Reversed and remanded.

ARNOLD, C.J., not participating.

---

[1] In a letter dated August 20, 2001, from Malone to NCS demanding settlement, Malone mentioned that the order of remand had been filed on July 27, 2001. Assuming, without deciding, that this letter served NCS with notice that the order had been filed, NCS's August 31, 2001 answer would have been filed within the ten-day grace period because Ark. R. Civ. P. 6 provides that a time period of fourteen days or less is calculated omitting intervening weekends or holidays. Ark. R. Civ. P. 6(a) (2002).