JURISDICTIONUSA, INC. *v.* LOISLAW.COM, INC.

03-1154 183 S.W.3d 560

Supreme Court of Arkansas
Opinion delivered May 20, 2004

[Rehearing denied June 24, 2004.]

Ledbetter, Cogbill, Arnold & Harrison, LLP (Fort Smith), by: R. Chris Parks; and Stinson Morrison Hecker LLP (Phoenix), by: John C. Hendricks, for appellant.

Friday, Eldredge & Clark (Little Rock), by: Elizabeth Robben Murray; and Pryor Cashman Sherman & Flynn LLP (New York), by: Perry M. Amsellem, for appellees.

BETTY C. DICKEY, Chief Justice. JurisDictionUSA, Inc., appeals from a default judgment in favor of Loislaw.com, Inc. The default judgment was entered following an order of remand from the United States District Court of the Western District of Arkansas, Fort Smith Division. The appellant contends that the trial court abused its discretion in granting the default judgment for the following reasons: (1) under the amended version of Ark. R. Civ. P. 55(f) Loislaw is not entitled to entry of default judgment when an answer has been filed in federal court; (2) the amended version of Rule 55(f) should be applied retroactively; (3) neither actual notice of the filing of the Order of Remand in circuit court, nor service of the motion for default judgment satisfied the notice requirements of Rule 55(f); (4) Rule 55(f) is unconstitutional; (5) personal jurisdiction and service of process cannot be waived, and (6) the third-party claims were proper. Because we agree that Rule 55(f) should be applied retroactively, the trial court's order of default judgment must be reversed.

### Facts

On September 26, 2001, appellant JurisDictionUSA, an Arizona corporation (hereinafter "JDUSA"), filed suit against

appellee Loislaw, Inc., a Delaware corporation with its principal place of business in Van Buren, Arkansas (hereinafter "Loislaw"), and Wolters Kluwer U.S. Corp., a Delaware corporation (hereinafter "WKUS"), and Aspen Publishers, Inc., a Delaware corporation (hereinafter "Aspen"), in the Superior Court of Maricopa County, Arizona, alleging that Loislaw breached its contract with JDUSA. The complaint principally alleged that Loislaw breached the agreement by (1) not taking further steps to launch the JDUSA "Loisdesk" product, (2) not making an additional line of credit to JDUSA for May 2001, (3) declaring that no further line of credit advance on royalty payments would be made to JDUSA, and (4) declaring that Loislaw did not have any intention of honoring its contractual obligations to JDUSA. JDUSA later amended its complaint to include Kyle Parker, the CEO of Loislaw, as a defendant. The defendants moved to dismiss the action in Arizona pursuant to a forum selection clause in the contract between JDUSA and Loislaw. The clause prohibited removal of any dispute to a United States District Court and it said that any dispute arising under the agreement or by virtue of any obligation imposed by the agreement would be exclusively resolved in the circuit or chancery courts of Crawford County, Arkansas.

On February 28, 2002, Loislaw filed a parallel action in Crawford County Circuit Court alleging that JDUSA breached the agreement with Loislaw by, among other things, failing to deliver marketable and saleable software applications, failing to provide second line support for the applications, and failing to provide training for Loislaw personnel, as required by the agreement. Loislaw removed the state court action in Arizona to the federal district court in Arizona; and, while Loislaw did not assert its claims of breach of contract, it did ask the federal district court in Arizona to enforce the forum selection clause.

On March 29, 2002, JDUSA filed a notice of removal, to remove the action from Crawford County Circuit Court to the Fort Smith Division of the Federal District Court for the Western District of Arkansas. JDUSA then filed a motion with the Arkansas federal district court to stay all Arkansas proceedings pending the outcome of the litigation filed in Arizona. On July 8, 2002, the federal district court in Arkansas entered an order remanding the matter back to Crawford County Circuit Court pursuant to the forum selection clause, and the federal court denied any stay. The federal district clerk sent the circuit court a certified copy of the order of remand and the federal court docket sheet, and notified

counsel that further pleadings should be filed in the circuit court. The federal district court also forwarded its file to the circuit court. The Crawford County Circuit Clerk filed the order of remand on July 11, 2002.

The record indicates that JDUSA received a fax of the circuit court's docket sheet which evidenced that the order of remand had been on file with the Crawford County Circuit Court as of July 11, 2002. On August 29, 2002, the Arizona action was dismissed. On September 30, 2002, Loislaw filed and served a motion for default judgment pursuant to Arkansas Rules of Civil Procedure 55(f), based on JDUSA's failure to file an answer in circuit court. On October 4, 2002, JDUSA filed a response to Loislaw's motion for default judgment. In its response, JDUSA argued that it was not required to file an answer in circuit court because it had filed an answer in federal court, and the federal court had sent the answer to the circuit court within ten days of the July 8, 2002 order of remand. In addition, JDUSA argued that Rule 55(f) required Loislaw to serve additional notice of the filing of the order of remand. Finally, JDUSA contended that, because it had filed an answer in federal court, the circumstances warranted relief from default judgment.

On November 5, 2002, the trial court held a hearing on Loislaw's motion for default judgment. The trial judge rejected JDUSA's argument that the filing of its answer, counterclaim, and third-party complaint in federal court satisfied Rule 55(f) and granted a default judgment against JDUSA. On November 8, 2002, despite the default judgment, JDUSA filed an answer, counterclaims, and a third-party complaint in Crawford County Circuit Court. In addition, on that same day, JDUSA filed a motion to reconsider based on this court's holding in *NCS Healthcare of Arkansas Inc. v. W.P. Malone, Inc.*, 350 Ark. 520, 88 S.W.3d 852 (2002). On November 27, 2002, Loislaw filed its motion to strike JDUSA's answer, counterclaim, and third-party complaint. On December 6, 2002, Parker, Aspen, and WKUS also filed their motion to strike or dismiss JDUSA's answer, counter-claim, and third-party complaint. On December 19, 2002, the trial court entered an order denying JDUSA's motion to reconsider.

On May 8, 2003, the trial court held a hearing on damages. At the damages hearing, JDUSA asserted that the default judgment was not proper due to insufficient service of process with regard to the original complaint. On June 9, 2003, the circuit court (1) entered final judgment in favor of Loislaw, (2) granted Loislaw's

motion to strike the answer and counterclaim as barred by default and Ark. R. Civ. P. 13, and (3) granted Parker's, Aspen's, and WKUS's motion to strike JDUSA's third-party complaint on the ground that it alleged compulsory counterclaims barred by the default and Ark. R. Civ. P. 13, and it was not proper under Ark. R. Civ. P. 14. Loislaw was awarded $228,000.00 in breach-of-contract damages along with $16,381.52 in prejudgment interest. In addition, Loislaw was awarded $313,162.10 for JDUSA'a breach of the forum selection clause and $166,704.30 in attorney's fees. On July 16, 2003, the trial court entered its findings of fact and conclusions of law. This appeal follows.

### Motion to Strike

Following the submission of briefs, Loislaw filed a motion to strike new arguments raised in JDUSA's reply brief. Specifically, Loislaw seeks to strike JDUSA's new arguments to vacate the default judgment by retroactively applying the new Amended Rule 55(f) of the Arkansas Rules of Civil Procedure. As a general rule, a new issue may not be raised for the first time in the appellant's reply brief. *Partin v. Bar of Arkansas*, 320 Ark. 37, 894 S.W.2d 906 (1995).

However, JDUSA filed its initial brief on November 26, 2003, and the proposed changes were adopted on January 22, 2004. JDUSA, therefore, contends that, because the adopted changes were newly promulgated authority, it could not have discussed the amendment of Rule 55(f) in its opening brief. We agree. Accordingly, the motion to strike is denied.

### Standard of Review

The standard by which we review the granting of a default judgment and the denial of a motion to set aside the default judgment is whether the trial court abused its discretion. *NCS Healthcare of Arkansas, Inc. v. W.P. Malone, Inc.*, 350 Ark. 520, 88 S.W.3d 852 (2002). *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Arnold & Arnold v. Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994). However, resolution of the issues on appeal requires this court to interpret Rule 55 of the Arkansas Rules of Civil Procedure. We construe court rules using the same canons of construction as are used to construe statutes. *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule in

considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* We review issues of statutory construction de novo as it is for us to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

### Retroactive Application of Amended Rule 55(f)

■ We have repeatedly held that default judgments are not favorites of the law and should be avoided when possible. *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). In fact, the purpose for the 1990 amendment to Ark. R. Civ. P. 55 was to liberalize Arkansas practice regarding default judgments, and the revised rule reflects a preference for deciding cases on the merits rather than on technicalities. *B & F Engineering, supra.*

At the time this case was remanded from federal court back to circuit court, Rule 55(f) provided:

> Whenever a case has been removed to a United States court and thereafter remanded, no judgment by default shall be entered prior to the expiration of ten days after service of notice upon defendants that the. order remanding such case has been filed. Within such time, the defendants may move or plead as they might have done had the case not been removed.

Ark. R. Civ. P. 55(f) (2003).

■ On November 20, 2003, we published for comment the Arkansas Supreme Court Committee on Civil Procedure's proposal for changes to the Arkansas Rules of Civil Procedure. *See In Re Arkansas Rules of Civil Procedure*, 355 Ark. 725 (January 22, 2004). Within the proposed changes was an amendment to Rule 55(f), which provided:

> (f) *Remand from Federal Court.* No judgment by default shall be entered against a party in an action removed to federal court and

subsequently remanded if that party filed an answer or a motion permitted by Rule 12 in the federal court during removal.

Ark. R. Civ. P. 55(f) (2004). The question before this court is whether the amended version of Rule 55(f) should be applied retroactively to the instant case. In *Bean v. Office of Child Support Enforcement*, 340 Ark. 286, 9 S.W.3d 520 (2000), we discussed the rules we follow when considering whether to apply a statute retroactively:

> Our rule on this point could not be more clear. Retroactivity is a matter of legislative intent. Unless it expressly states otherwise, we presume the legislature intends for its laws to apply only prospectively. *Estate of Wood v. Arkansas Dep't of Human Services*, 319 Ark. 697, 894 S.W.2d 573 (1995) (citing *Chism v. Phelps*, 228 Ark. 936, 311 S.W.2d 297 (1958)). Any interpretation of an act must be aimed at determining whether retroactive effect is stated or implied so clearly and unequivocally as to eliminate any doubt. In determining legislative intent, we have observed a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it, to operate prospectively only and not retroactively. *See Arkansas Rural Medical Practice Student Loan & Scholarship Bd. v. Luter*, 292 Ark. 259, 729 S.W.2d 402 (1987); *Chism, supra*; *Arkansas State Highway Comm'n v. Hightower*, 238 Ark. 569, 383 S.W.2d 279 (1964).

> However, this rule does not ordinarily apply to procedural or remedial legislation. *Gannett Rover States Publ'g Co. v. Arkansas Industrial Dev. Comm'n*, 303 Ark. 684, 799 S.W.2d 543 (1990); *Forrest City Mach. Works v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981). The strict rule of construction does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. *Harrison v. Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962). Procedural legislation is more often given retroactive application. *Barnett v. Arkansas Transp. Co.*, 303 Ark. 491, 798 S.W.2d 79 (1990). The cardinal principle for construing remedial legislation is for the courts to give appropriate regard to the spirit which promoted its enactment, the mischief sought to be abolished, and the remedy proposed. *Arkansas Dep't of Human Servs. v. Walters*, 315 Ark. 204, 866 S.W.2d 823 (1993); *Skelton v. B.C. Land Co.*, 260 Ark. 122, 539 S.W.2d 411 (1976) (citing *United States v. Colorado Anthracite Co.*, 225 U.S. 219 (1912)).

*Bean, supra.* (Internal citations omitted). We have also noted that:

> Although the distinction between remedial procedures and impairment of vested rights is often difficult to draw, it has become firmly established that there is no vested right in any particular mode of procedure or remedy. Statutes which do not create, enlarge, diminish, or destroy contractual or vested rights, but relate only to remedies or modes of procedure, are not within the general rule against retrospective operation. In other words, statutes effecting changes in civil procedure or remedy may have valid retrospective application, and remedial legislation may, without violating constitutional guarantees, be construed . . . to apply to suits on causes of action which arose prior to the effective date of the statute . . . A statute which merely provides a new remedy, enlarges an existing remedy, or substitutes a remedy is not unconstitutionally retrospective. . . .

*Padgett v. Bank of Eureka Springs,* 279 Ark. 367, 651 S.W.2d 460 (1983) (citing 16A Am. Jur. 2d § 675 (1979)).

■ ■ This court has held that Rule 55 is a procedural rule, is remedial in nature, and accordingly should be given retroactive effect. *Divelbliss v. Suchor,* 311 Ark. 8, 841 S.W.2d 600 (1995); *Forrest City Machine Works v. Aderhold,* 273 Ark. 33, 616 S.W.2d 720 (1981). In the instant case, Loislaw's right to request a default judgment was not enlarged or extinguished by the amendment to Rule 55(f). The amendment to the rule merely outlined a new procedure which must be followed before a party may obtain a default judgment after a case has been removed to federal court and then remanded back to circuit court. Under the previous version of Rule 55(f), a plaintiff could request a default judgment if the defendant failed to file an answer to the lawsuit upon its return to state court. Under the new version of the rule, a plaintiff may request a default judgment if the defendant failed to answer the complaint in federal court. Thus, under either version of the rule, a plaintiff may still request a default judgment. The change to the rule merely modifies the standard by which default may be determined. Accordingly, we hold that Rule 55(f) is procedural and remedial and Amended Rule 55(f) may thus be applied retroactively to the case at bar.

■ In the matter *sub judice,* JDUSA filed an answer in federal court on April 5, 2002. Therefore, pursuant to Amended Rule 55(f), JDUSA was not required to refile an answer in state

court after the case was remanded from federal court. Thus, the trial court erred in granting Loislaw's motion for default judgment. Accordingly, the default judgment must be reversed and remanded. Because we hold that Rule 55(f) must be applied retroactively, we need not address the remaining points on appeal.

Reversed and remanded.