Dr. T. Kenneth James, Director Arkansas Department of Education #4 State Capitol Mall Little Rock, AR 72201-1071
Dear Dr. James:
I am writing in response to your request for my opinion on a question arising from the following reported facts:
 Act 2113 [of 2005] provides that employees of state agencies, employees of state-supported institutions of higher education, and employees of public school districts, who are called into active duty for more than thirty (30) days as members of the National Guard or reserves, after September 11, 2001, shall be eligible for continued proportionate salary payments to equal the salary the employee would have earned but for the call to active duty.
 Because Act 2113 does not contain an emergency clause, the Act became effective on August 12, 2005, or 90 days after sine die of the 85th General Assembly. (Attorney General Op. 2005-110).
These facts have prompted you to pose the following question:
 Can Act 2113 of 2005 be retroactively applied to persons called into active duty during the time period after September 11, 2001 and before August 12, 2005?
RESPONSE
In my opinion, the answer to this question is "yes."
Act 2113 of 2005 provides in pertinent part:
 SECTION 1. (a) Notwithstanding the provisions of the Uniform Attendance and Leave Policy Act, § 21-4-201 et seq., during the period that an employee of a state agency or institution of higher education is called to active duty after September 11, 2001, as a member of the National Guard or any of the reserve components of the armed forces by order of the President or the Governor of an emergency nature or contingency for more than thirty (30) consecutive days, the employee shall be eligible for continued proportionate salary payments which, when combined with the employee's active duty pay, incentives, and allowances, except for uniform and clothing allowances, equal the amount that the employee would have otherwise received but for the employee's required active duty under the order of the President or the Governor.
* * *
 SECTION 2. (a) Notwithstanding any other law, during the period that an employee of a public school district is called to active duty after September 11, 2001, as a member of the National Guard or any of the reserve components of the armed forces by order of the President or the Governor of an emergency nature or contingency for more than thirty (30) consecutive days, the employee shall be eligible for continued proportionate salary payments which, when combined with the employee's active duty pay, equal the amount that the employee would have otherwise received but for the employee's required active duty under the order of the President or the Governor.
(Emphases added.)
In my opinion, the highlighted passages in the excerpt just quoted are unequivocal in providing that the prescribed benefits must be provided to all of the described employees called to active duty after September 11, 2001. Accordingly, I believe Act 2113 must indeed be applied retroactively.
In offering this opinion, I am aware of the fact that courts will presume that the legislature intended an act to be prospective. Dickson v.Fletcher, ___ Ark. ___, S.W.3d (Mar. 31, 2005); see also JurisdictionUSA, Inc. v. Loislaw.com, Inc., 357 Ark. 403, ___ S.W.3d ___ (May 20, 2004). A court will examine whether the act specifically states that it is to be applied retroactively or if retroactive application is necessarily implied in the language of the act. Id. Specifically, the Arkansas Supreme Court has held that the retroactive application of the act must be "stated or implied so clearly and unequivocally as to eliminate any doubt." Jurisdiction.USA, supra.[1]
You remark in your correspondence that "Act 2113 does not appear to expressly state that it should be retroactively applied." Although I agree with this statement, I believe that the highlighted passages quoted above clearly dictate that the General Assembly intended this legislation to apply retroactively to all described individuals called to active duty after September 11, 2001. You further remark that the statutory language "is called to active duty" implies that the act should be applied only prospectively. I must respectfully disagree with this conclusion. In my opinion, the quoted language is crucially qualified by the phrase "after September 11, 2001." The only significance I can determine of reciting this date is to specify that the act will apply to all individuals called into active service thereafter. Admittedly, the statutory language might have been more precise if the verb "is" read "was or is." However, I nevertheless believe the significance of the recited date is inescapable, reflecting a legislative intention to accord the benefits described to all qualifying veterans called into service after September 11, 2001. In this regard, I will note that the title of Act 2113 in fact incorporates the past tense, referring to employees "who were called to active duty as members of any branch of the armed forces for the purpose of participating in emergency activities after September 11, 2001."[2]
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] This strict rule of statutory construction does not apply to remedial or procedural legislation. Id. Remedial or procedural legislation will "generally supply new, different, or more appropriate remedies which relate to existing rights, and do not create new rights or extinguish old ones." Billings v. Director, ESD., 84 Ark. App. 79,133 S.W.3d 399 (2003) (citation omitted).
[2] Prior to the enactment of House Amendment 1, the quoted language referred instead to employees "who were called to active duty in Operation Enduring Freedom or Operation Iraqi Freedom."