The Honorable Steve Higginbothom State Senator Post Office Box 242 Mariana, AR 72360
Dear Senator Higginbothom:
I am writing in response to your request for an opinion on the following:
 I am writing to request your official opinion pertaining to Act 1432 of 2005, which clarifies the method for valuing certain farmland enrolled in federal land programs.
 I have a question concerning the tax year to which newly-valued property would apply. Since all land values are fixed for assessment purposes in January and tax bills are due in October, when would new property valuations be established?
RESPONSE
In my opinion, because Act 1432 of 2005 became effective on August 12, 2005, the new property valuations under the act will be established in the first assessment subsequent to the act's effective date, or the assessment period beginning in January 2006 and payable the subsequent October.
Act 1432 of 2005 states:
 SECTION 1. Arkansas Code § 26-26-407(b), pertaining to the valuation of agricultural, pasture, and timber land, is amended to read as follows:
 (b)(1) (A) Agricultural land, pasture land, and timber land valuation shall be based on productivity of the soil.
 (2)(B) Agricultural land, pasture land, and timber land guidelines shall be developed based on typical or most probable use of the soils for each of the aforementioned categories in the region.
 (2) Land that is enrolled in the Wetland Reserves Program of the Natural Resources Conservation Service of the United States Department of Agriculture or in the Conservation Reserve Program of the United States Department of Agriculture shall be treated as agricultural land, pasture land, and timber land for purposes of valuation.
Id. Absent an emergency clause, acts passed in the 85th General Assembly became effective 90 days after the General Assembly adjournedsine die, or August 12, 2005. See Op. Att'y Gen. 2005-110.
A court will presume that the legislature intended an act to be prospective. Dickson v. Fletcher, ___ Ark. ___, ___ S.W.3d ___ (Mar. 31, 2005); see also Jurisdiction USA, Inc. v. Loislaw.com, Inc.,357 Ark. 403, S.W.3d (May 20, 2004). A court will examine whether the act 1) specifically states that it is to be applied retroactively or 2) necessarily implies a retroactive application by the language used. Id.
Specifically, the Arkansas Supreme Court held that the retroactive application of the act must be "stated or implied so clearly and unequivocally as to eliminate any doubt." Jurisdiction USA, supra. This strict rule of statutory construction will not apply to remedial or procedural legislation. Id. Remedial or procedural legislation will "generally supply new, different, or more appropriate remedies which relate to existing rights, and do not create new rights or extinguish old ones." Billings v. Director, ESD., 84 Ark. App. 79, 133 S.W.3d 399 (2003) (citation omitted).
Initially, I note that Act 1432 of 2005 did not contain an emergency clause and, therefore became effective on August 12, 2005. See Op. Att'y Gen. 2005-110. Act 1432 of 2005 applies only prospectively. Act 1432 is neither a procedural statute nor a remedial statute as defined inBillings, supra. The act is, therefore, presumed to be prospective and there is no express language stating that the act will apply retroactively. It is not necessarily implied "so clearly and unequivocally as to eliminate any doubt" that for the statute to properly function that the act must be applied retroactively, either. Act 1432 of 2005, under the strict rule of prospectivity, will apply from the January 2006 assessment onwards. See A.C.A. § 26-26-1101 (Repl. 1997) (requiring the county assessor, between the first Monday in January and July 1, to appraise and assess all real property within the boundaries of the county); and § 26-26-1201 (Repl. 1997) (requiring property to be assessed according to its value on January 1).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh