Mr. Larry Norris, Director Arkansas Department of Corrections Post Office Box 8707 Pine Bluff, Arkansas 71611-8707
Dear Mr. Norris:
I am writing in response to your request for an opinion on the following:
 Should Act 1413 of 2007 have a retroactive application? Act 1413 basically increased the amount of meritorious good time an inmate can receive for certain programs (e.g., general education, drug/alcohol treatment, and vocational-technical programs) from 90 to 180 days.
 RESPONSE
In my opinion, Act 1413 of 2007 amending A.C.A. § 12-29-202 should not be applied retroactively because of the lack of any apparent intent of the General Assembly to apply the act retroactively.
Meritorious good time is governed by A.C.A. § 12-29-201 through-205 (Repl. 2003 Supp. 2007). Meritorious good time operates to reduce the length of time required to be served in prison before an inmate is eligible for either transfer to a community correction program or eligible for parole. See A.C.A. § 12-29-201 (Repl. 2003). *Page 2 
You ask whether Act 1413 should be applied retroactively. As stated by the Arkansas Supreme Court:
 The only express provisions in the Federal Constitution against retroactive laws forbids Congress to pass ex post facto laws or bills of attainder, Article I, § 9, No. 3, and forbid states to pass ex post facto laws, bills of attainder, or laws which impair the obligation of contract, Art. I, § 10, No. 1. Article 2, § 17 of the Arkansas Constitution also applies to bills of attainder, ex post facto laws, and laws which impair the obligation of contracts. Many types of retroactive laws are not covered by these express prohibitions.
Forrest City Machine Works v. Aderhold, 273 Ark. 33, 40, 616 S.W.2d 720
(1981). In my opinion, Act 1413 of 2007 does not raise any potentialex post facto concerns.[1] See Op. Att'y Gen. 2006-120. Additionally,Act 1413 of 2007 implicates neither the impairment of contracts clause nor the bill of attainder clause. I will, therefore, address the long standing rules of interpretation regarding retroactive application of legislative enactments in general.
A court will presume that the legislature intended an act to be prospective. Dickson v. Fletcher, 361 Ark. 244, 206 S.W.3d 229 (2005);see also Jurisdiction USA, Inc. v. Loislaw.com, Inc., 357 Ark. 403, ___ S.W.3d ___ (May 20, 2004). A court will examine whether the act: 1) specifically states that it is to be applied retroactively, or 2) necessarily implies a retroactive application by the language used.Id. Specifically, the Arkansas Supreme Court held that the retroactive application of an act must be "stated or implied so clearly and unequivocally as to eliminate any doubt." Jurisdiction USA,357 Ark. at 411
(quoting Bean v. Office of Child Support Enforcement, 340 Ark. 286,297, 9 S.W.3d 520 (2000)). This strict rule of statutory construction will not apply to remedial or procedural legislation. Id. Remedial or procedural legislation will "generally supply new, different, or more appropriate remedies which relate to existing rights, and do[es] not create new rights or extinguish old ones." Billings v. Director,ESD., 84 Ark. App. 79, *Page 3 133 S.W.3d 399 (2003) (citation omitted). In construing remedial legislation, a court will look to the spirit which promoted the enactment, the mischief sought to be abolished, and the remedy proposed.Bean, 340 Ark. at 297 (citation omitted); see also Ops. Att'y Gen.2005-218; and 2001-199. Procedural and remedial legislation is given a more liberal construction, and will be given a retroactive effect "whenever such seems to have been the intention of the Legislature."Harrison v. Matthews, 235 Ark. 915, 917, 362 S.W.2d 704 (1962) (quotation omitted).
It is unnecessary to determine whether Act 1413 of 2007 is a substantive enactment or a procedural or remedial enactment — in my opinion it fails to demonstrate the necessary intent for retroactive application for either standard. The bare language of Act 1413 of 2007
demonstrates no intention of the General Assembly to apply the act retroactively. Act 1413 of 2007 was simply entitled "An Act Concerning the Board of Corrections; and for other purposes." The Act did not contain an Emergency Clause and only amended A.C.A. § 12-29-202 as follows:
 (d)(1) Upon recommendation of the committee, the Director of the Department of Correction may award up to ninety (90) additional days an amount of meritorious good time sufficient to reduce incarceration time by up to ninety (90) days, not to exceed a total of two hundred and seventy (270) days,. . .
2007 Acts, 1413, § 1.[2]
Regardless of whether the act would be considered by a court to be: 1) substantive, or 2) procedural or remedial, there is no indication that the Act should be applied retroactively. With regard to the standard for substantive legislation described above, there is no express declaration of retroactive application nor is retroactive application necessarily incident to the act. There is no implication that it should applied retroactively from the indistinct title of the act or the actual amendatory language.
With respect to the standard for procedural or remedial legislation described above, I am unable to ascertain the spirit which promoted the amendment or the mischief sought to be abolished from the title of the act or its amendatory *Page 4 
language. There does not appear to be a new remedy created by the state and there is no indication from the bare language of the title or the act itself, noted above, that there was any intent for this act to apply retroactively.
In my opinion, under either the strict standard for substantive legislation or the more liberal standard for procedural or remedial legislation, there is no indication that Act 1413 of 2007 should be applied retroactively.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] With respect to ex post facto concerns, my immediate predecessor has opined that there would not be an ex post facto violation for an act to explicitly grant a greater award of meritorious good time retroactively. See Op. Att'y Gen. 2006-120. Opinion No. 2006-120
addressed a hypothetical bill that expressly stated it would be applied retroactively. The opinion discussed whether such a retroactive application would be an ex post facto violation. Because your request addresses whether Act 1413 of 2007 should be applied retroactively, the analysis of the expressly retroactive legislation in Op. Att'y Gen.2006-120 is inapposite.
[2] Stricken language was deleted while underlined language was added to the law as it existed prior to the enactment.