2010 Ark. App. 825

ADVOCAT, INC.; Diversicare Management Services Co.; and Diversicare Leasing Corp. d/b/a Arbor Oaks Health & Rehabilitation Center, Appellants

v.

Dana Couch HEIDE, as power of attorney of Marc Stephen Williams, an incapacitated person, Appellee.

No. CA 10–371.

Court of Appeals of Arkansas.

Dec. 8, 2010.

---

that Advocat validly raised the defense of arbitration when it filed a motion to compel—and attached a copy of the arbitration agreement to the motion—three months after the filing of the lawsuit. Therefore, we reverse and remand for proceedings consistent with this opinion.

Julia M. Hancock, Brett D. Watson, Jarrod Russell, Anderson, Murphy & Hopkins, L.L.P., Little Rock, for appellant.

Tammera Rankin Harrelson, Deborah Truby Riordan, Wilkes & McHugh, P.A., Little Rock, for appellee.

WAYMOND M. BROWN, Judge.

This is a nursing-home negligence case, filed by Dana Couch Heide on behalf of Marc Stephen Williams, an incapacitated person. But the issue here is whether the circuit court should have granted a motion to compel arbitration. The court denied the motion filed by Advocat, Inc.; Diversicare Management Services Co.; and Diversicare Leasing Corp. d/b/a Arbor Oaks Health & Rehabilitation Center (collectively referred to as "Advocat") after finding that Advocat waived its right to compel arbitration by failing to attach the arbitration agreement to its initial answer. Advocat has filed this interlocutory appeal, seeking enforcement of the arbitration agreement. It argues (1) that it timely raised its right to arbitration, (2) that Arkansas Rule of Civil Procedure 10(d) did not operate to waive its right to arbitration, (3) that any defect in its previous pleadings was cured by its amended answer, and (4) that Heide was not prejudiced by its amended answer. We hold

*Background*

In April 2009, Heide filed a nursing-home-negligence complaint against Advocat. Advocat filed an answer denying liability. In addition, Advocat presented a number of affirmative defenses, including that "the plaintiff's claims are subject to arbitration." While there was an arbitration agreement, the agreement was not attached to the initial answer.

In July 2009, Advocat filed a motion to compel arbitration. Attached to the motion was the arbitration agreement, purportedly signed by Heide on behalf of Williams. The agreement encompassed a number of claims, including "common law or statutory negligence, gross negligence, malpractice, or any other claim based on any departure from accepted standards of medical or nursing care." The agreement also provided that it would be governed by the Federal Arbitration Act (which allows the arbitration of tort claims),[1] not the Arkansas Arbitration Act (which does not).[2] Also attached to the motion were two letters, dated June 1 and 8, 2009, where Advocat asserted its right to arbitration. In response, Heide argued that Advocat waived its right to arbitrate by answering her complaint, engaging in dis-

---

1. 9 U.S.C. §§ 1–307 (2006); *see also Gruma Corp. v. Morrison*, 2010 Ark. 151, 362 S.W.3d 898; *Cash in a Flash Check Advance v. Spencer*, 348 Ark. 459, 74 S.W.3d 600 (2002) (allowing tort claims to be arbitrated under the Federal Arbitration Act).

2. Ark.Code Ann. §§ 16–108–201 to–224 (Repl. 2006); *see also CEI Engineering Assocs., Inc. v. Elder Constr. Co.*, 2009 Ark. App. 259, 306 S.W.3d 447 (stating Arkansas's public policy favoring arbitration, but holding that Arkansas law prohibits the arbitration of tort matters).

covery, consenting to the jurisdiction of the court, and filing a motion to dismiss.

In September 2009, Advocat filed an amended answer. This time, it attached the arbitration agreement. Heide immediately filed a motion to strike the amended answer, claiming that Advocat previously waived its right to arbitration and that allowing the amended answer would be prejudicial to her. Advocat argued that the amended answer was proper under the rules of civil procedure and should have been allowed.

By two letter opinions, the circuit court granted Heide's motion to strike the amended answer and denied Advocat's motion to compel arbitration. The circuit court wrote that amendments to pleadings were appropriate unless prejudice would result therefrom. But it found that Heide would be prejudiced here because, by allowing the amended answer, she would be denied her constitutional right to a jury trial. It also noted that parties often insist on strict compliance with the rules of civil procedure and that defenses may be waived when they are not properly and timely asserted. As for the motion to compel arbitration, the circuit court ruled that Advocat failed to properly raise arbitration as a defense when it did not attach the arbitration agreement, which was necessary under Arkansas Rule of Civil Procedure 10(d). It also noted that ⌊₄Advocat admitted jurisdiction and venue, requested dismissal of the complaint, and conducted discovery on the merits. These findings form the basis of an order entered in December 2009, and this appeal followed.

*Analysis*

The question here is whether the circuit court should have stricken Advocat's amended answer and denied its motion to compel arbitration. Advocat asks us to enforce the arbitration agreement. It argues that it timely raised its arbitration defense and that the circuit court should not have applied Rule 10(d) to find that it waived its arbitration defense. It also contends that any deficiencies in its initial answer were cured in its amended answer and that Heide did not suffer any prejudice when it amended its answer. In response, Heide argues that Rule 10(d) required Advocat to attach a copy of the arbitration agreement to its answer to effectively plead arbitration as an affirmative defense and that the failure to do so constituted a waiver of the defense. She further asserts that the amended answer prejudiced her because Advocat's waiver of its arbitration defense freed her to present her case to a jury. Finally, Heide contends that, if we reverse the circuit court's decision, she is entitled to discovery on the issue of whether the arbitration agreement is enforceable.

 Our rules of appellate procedure allow for interlocutory appeals from orders denying a motion to compel arbitration.[3] We review the denial of a motion to compel arbitration de novo ⌊₅on the record.[4] This appeal requires us to interpret our rules of civil procedure. We construe court rules using the same canons of construction as we use for statutes.[5] The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usual-

3. *See* Ark. R.App. P.—Civ. 2(a)(12).

4. *Advance Am. Servicing of Ark., Inc. v. McGinnis,* 375 Ark. 24, 289 S.W.3d 37 (2008); *Neosho Constr. Co. v. Weaver–Bailey Contractors,* 69 Ark.App. 137, 10 S.W.3d 463 (2000).

5. *JurisDictionUSA, Inc. v. Loislaw.com, Inc.,* 357 Ark. 403, 183 S.W.3d 560 (2004).

ly accepted meaning in common language.[6] When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further.[7] We review issues of statutory construction de novo, as it is for us to decide what a statute means.[8] We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, the circuit court's decision will be accepted as correct on appeal.[9]

■ We begin by determining whether Advocat waived its right to present its arbitration defense when it failed to attach the arbitration agreement in the initial pleading. Advocat clearly pleaded that it was entitled to arbitration, but it did not attach the arbitration agreement to its answer. The following analysis by Newbern and Watkins is persuasive:

> A party to an arbitration agreement may seek to enforce it in an independent action to compel arbitration. Such an action is necessary when, for instance, the other party questions whether a dispute is arbitrable or refuses to participate in the arbitration process. More typically, the arbitration issue is raised defensively in a pending action, with the defendant moving to stay the proceedings and compel arbitration.

> The right to arbitrate is not waived when a motion is made separately from the pre-answer motions that must be consolidated pursuant to Ark. R. Civ. P. 12(g) and (h)(1). The consolidation requirement applies only to those motions listed in Rule 12, and a motion to compel arbitration is not among them. In any event, such a motion is analogous to those to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state facts on which relief can be granted under Rule 12(b)(6), both of which may be made after an initial pre-answer motion.

> . . . .

> Failure to plead arbitration as an affirmative defense does not preclude a motion to compel arbitration. Although Ark. R. Civ. P. 8(c) lists "arbitration and award" as an affirmative defense, this provision applies only to completed arbitration proceedings.

> However, the right to compel arbitration is waived by the defendant's default. In *Tri–State Delta Chemicals, Inc. v. Crow*,[10] plaintiffs moved for default judgment after the defendant did not file a timely answer. The defendant then moved for an extension of time and later filed a motion to dismiss under Rule 12(b)(6) and, alternatively, to compel arbitration. The Supreme Court held that the defendant "waived any right it may have had to compel arbitration when it failed to timely assert arbitration as a defense to the suit."

> Other courts have found waiver when a defendant has taken affirmative steps in an action involving a claim which was allegedly covered by an arbitration agreement. Determining whether a waiver has occurred requires a factually specific inquiry and is "not susceptible to bright line rules." Generally, "waiver is more likely to be found the longer the litigation goes on, the more a party avails itself of the opportunity to litigate, and the more that party's litigation re-

---

6. *Id.*

7. *Id.*

8. *Id.*

9. *Id.*

10. 347 Ark. 255, 61 S.W.3d 172 (2001).

sults in prejudice to the opposing party."[11]

Here, Advocat filed an answer, and it moved to compel arbitration shortly thereafter (and only three months after the instigation of the lawsuit). While Advocat failed to include the arbitration agreement in its initial answer, it included the document in its motion. Thus, it appears that Advocat timely asserted a right to compel arbitration.

In ruling that Advocat waived its right to plead arbitration, the circuit court relied on Arkansas Rule of Civil Procedure 10(d), which requires a copy of any written instrument or document upon which a claim or defense is based to be attached to the pleading in which such a claim or defense is averred.[12] It found that the instant case was analogous to *Crow*, cited by Newbern and Watkins, where the supreme court held that the defendant waived any right it might have had to compel arbitration when it failed to timely assert arbitration as a defense to the suit. The company there never filed an answer or otherwise responded to the complaint until the time for doing so expired. The court entered a default in the plaintiff's favor and reserved the issue of damages. The defendant sought an interlocutory appeal from the denial of its motion to compel arbitration. The supreme court stated that the right to seek arbitration was a defense that could be waived if not timely asserted. And because of the unique procedural circumstances of the case (the reservation of the issue of damages), it dismissed the appeal.

This case is different. Unlike the appellant in *Crow*, Advocat timely filed an answer; it simply failed to follow a procedure that Newbern and Watkins suggest it did not have to follow: preserve the right to compel arbitration in its initial pleading. Thus, we hold that *Crow* is inapplicable here. But this does not end our inquiry.

A party could waive its right to arbitration by taking affirmative steps in an action allegedly covered by an arbitration agreement. Newbern and· Watkins cite three factors that a court must consider when determining whether a party has waived its right to arbitration: the length of the litigation, the party availing itself of the opportunity to litigate, and prejudice to the opposing party.[13] Applying these three factors, we hold that Advocat had not waived its right to arbitration before filing the motion to compel. Advocat asserted its right to arbitration early in the lawsuit. Even in the light most favorable to Heide, Advocat properly asserted its right to compel arbitration no later than three months into the lawsuit. While Advocat conducted some discovery, it did not take major steps to avail itself of the opportunity to litigate. Neither filing an initial motion to dismiss nor conceding to jurisdiction and venue, by themselves, constitute availing itself of the opportunity to litigate.[14] Finally, given Heide's awareness of Advocat's desire to arbitrate and the brief amount of time between the filing of the complaint and the motion to compel arbitration, we see no prejudice to Heide. And by attaching the arbitration agreement to the motion to compel, which was

---

**11.** 2 David Newbern & John J. Watkins, *Ark. Civil Prac. & Proc.* § 14:14 (5th ed.) (footnote references omitted).

**12.** *See also Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guar. Co.,* 353 Ark. 201, 114 S.W.3d 189 (2003) (stating that compliance with Rule 10(d) is mandatory).

**13.** Newbern & Watkins, *supra,* note 11 § 14:14.

**14.** *Id.*

also necessary under Rule 10(d), we need not consider whether the failure to attach it to the initial pleading was fatal.

In her brief, Heide relies on *Ozark Kenworth, Inc. v. Neidecker*[15] and *Neal v. Sparks Regional Medical Center*[16] in support of her argument that Advocat was barred from asserting its right to arbitration when it failed to attach the arbitration agreement to its initial answer. She specifically quotes the following from *Neidecker*:

> It is settled that [Arkansas Rule of Civil Procedure] 15(c) is to be liberally construed in allowing amendments, but the liberal construction applicable to Rule 15 is limited when prejudice to the adverse party is affirmatively shown. The doctrine of relation back should not be allowed when it operates to cut off a substantial right or defense to new matter introduced by the amendment although connected with the original cause of action.[17]

But in both *Neidecker* and *Neal*, the complaining party was prejudiced by the amendment. In *Neidecker*, the appellant lost the right to bring a suit against a third-party defendant. In *Neal*, the amendment came too late to substitute a proper party in the lawsuit. Heide argues that she would lose her fundamental right to a jury trial if the court allowed the amendment, but if the arbitration agreement is valid, then that right was already waived before the filing of the lawsuit. Again, the failure to attach the arbitration agreement to the initial pleading, by itself, did not prejudice Heide to the point that Advocat should be precluded from asserting its right to arbitration by way of the motion to compel arbitration.

We also reverse the order to strike the amended answer. Parties are allowed to amend their pleadings at any time without leave from the court as long as the amendment does not prejudice his or her adversary.[18] It is error to strike an answer absent a finding of undue delay or prejudice.[19] For the reasons already stated, Heide suffered no prejudice when Advocat attached the arbitration agreement to the motion to compel. It follows that Heide was not prejudiced when Advocat filed an amended answer with the arbitration agreement attached. Therefore, the circuit court erred by striking Advocat's amended answer.

Our decision to reverse does not require us to compel arbitration or order the circuit court to do so. Advocat urges us to enforce the arbitration agreement, while Heide argues that she is entitled to conduct discovery in the event that we reverse the circuit court. Because the circuit court reviewed the matter on procedural grounds only, we offer no opinion as to the validity of the arbitration agreement. The decision to enforce the arbitration agreement and to allow the parties additional discovery on the matter remains with the circuit court.

Reversed and remanded.

HART and BAKER, JJ., agree.

15. 283 Ark. 196, 672 S.W.2d 899 (1984).

16. 375 Ark. 46, 289 S.W.3d 8 (2008).

17. *Neidecker*, 283 Ark. at 203, 672 S.W.2d at 904.

18. Ark. R. Civ. P. 15(a); *Milne v. Milne*, 266 Ark. 900, 587 S.W.2d 229 (Ark.App.1979).

19. *Harris v. First State Bank*, 22 Ark.App. 37, 732 S.W.2d 501 (1987).