RHONDA K. WOOD, Judge, concurring. I join the majority opinion without reservation. I write separately to further emphasize the fact-specific nature of our decision affirming the circuit court’s decision that the appellant had waived the right to enforce the arbitration agreement. As the majority decision explains, we review the denial of a motion to compel arbitration de novo on the record. Advocat, Inc. v. Heide, 2010 Ark. App. 825, 378 S.W.3d 779. This court, in Heide, adopted a three-factor test for determining whether a party waived its right to arbitrate. Id. (citing 2 David Newbern & John Watkins, Ark. Civil Prac. & Proc. § 14:14 (5th ed.)). It is well-settled law that even utilizing a de novo standard of review, the reviewing court will not reverse absent a showing that the circuit court erred. Clemenson v. Rebsamen, 205 Ark. 123, 168 S.W.2d 195 (1943). In the present case, the circuit court, having the front-row seat to the litigation, determined that the appellant had waived its right to enforce the arbitration agreement based on the appropriate legal factors. No one is in a better position than the circuit court to determine the length of time the litigation has been ongoing, the extent to which the party seeking to enforce the arbitration agreement availed itself to | ^participate in the litigation, and whether the delay in exercising the right to arbitrate prejudiced the opposing party. Our affirmation of the circuit court’s opinion does not draw a line in the sand that seven months will always be too long to assert a right to enforce an agreement to arbitrate a claim. The particulars of each case matter, and clearly the appellant’s participation in discovery, filing of motions, responding to motions, and participation in hearings over seven months were sufficient for us to find that the circuit court did not err in its application of the factors announced in Heide.