Tommy BARNETT, Laverne Barnett Drennan,
Ruby Barnett Norman, Jimmie D. Norman, and Earl C. Kirk, Jr. *v.*
Leonard HOWARD, Roy Sanchez, Bill Golla,
Dick Finch, and Scott Crawford

CA 02-171                                                94 S.W.3d 342

Court of Appeals of Arkansas
Division I
Opinion delivered October 23, 2002

[Petition for rehearing denied December 11, 2002.]

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre* and *Malcolm P. Bobo*, for appellants.

*Lightle, Beebe, Raney, Bell & Simpson, LLP*, by: *Donald P. Raney*, for appellees.

S AM BIRD, Judge. This appeal arises from an order of the Circuit Court of White County dismissing, as untimely, an appeal from a decision of the County Court of White County in an action to establish a private road. We affirm the order of dismissal.

Appellants filed a petition in the county court to establish a road that would allow a reasonable means of access to their land. The petition was denied. Thereafter, appellants filed a motion for new trial, which was also denied. Appellants then filed a notice of appeal to the circuit court. After a hearing, the circuit court held that it lacked jurisdiction to hear the appeal because it was not filed within the thirty-day period specified by Arkansas Inferior Court Rule 9.

On appeal to this court, appellants contend that the circuit court erred in holding that Rule 9 is applicable to appeals from county court to circuit court and, therefore, that the circuit court erred in holding that it lacked jurisdiction to hear the appeal. Rule 9 states that all appeals in civil cases from inferior courts to circuit court must be filed with the clerk of the circuit court within thirty days from the date of the entry of the judgment, and that an appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court.

Under Arkansas Code Annotated sections 27-66-403(a) and (b) (Repl. 1994), either party may appeal to circuit court within

sixty days from the rendition of the county court's order regarding the establishment of a private road. Appellants argue that this case falls within the sixty-day appeal provision of section 27-66-403(b) rather than Rule 9, a procedural rule promulgated by the supreme court,[1] because the case is a "special proceeding" seeking to establish a private road under sections 27-66-401 to 27-66-404. Even assuming that the statutory sixty-day period applies, we find that the appeal is not timely. Therefore, we do not address the issue of whether the action was a "special proceeding."

On June 5, 2001, the county court entered its order dismissing appellants' petition for a private road. On June 15, 2001, appellants filed a "Motion for New Trial and, Alternatively, for Amended and Additional Findings of Fact." The motion was denied by an order entered on July 2, 2001. On Monday, August 6, 2001, appellants filed their notice of appeal with the county court clerk. The county court record was filed in the circuit court on August 9, 2001.

■ ■ In arguing that their appeal was perfected in the proper time period, appellants contend that the time for filing the record on appeal was extended by the timely filing of their post-trial motion in county court. Specifically, they make the following argument:

> The provisions of the AICR recognize that a timely filed Motion for Amended or Additional Findings of Fact, filed pursuant to the provisions [of] Rule 52 of the Arkansas Rules of Civil Procedure, and/or a timely filed Motion for New Trial, pursuant to the provisions of Rule 59 of the Arkansas Rules of Civil Procedure, will pursuant to the provisions of these Rules (and the similar provisions of Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure), extend the time within which an appeal can be timely perfected, because the time to start the running of the applicable period for filing the appeal does not start to run

---

[1] The circuit court relied upon *Pike Avenue Dev. Co., Inc. v. Pulaski County,* 343 Ark. 338, 37 S.W.3d 177 (2001), in holding that the time for filing the appeal to circuit court was governed by Rule 9. *Pike Avenue* held that the Arkansas Inferior Court Rules "govern the procedure in all civil actions in the inferior courts (including the county courts)," that the thirty-day appeal requirement of Rule 9 is both mandatory and jurisdictional, and that the circuit court correctly dismissed the appeal where neither the record nor a proper affidavit was filed within the thirty-day period.

until there is a ruling by the court on such motions or a period of 30 days has passed without a ruling by the court on such motions, and they are "deemed" to have been denied, for purpose of appeal.

We disagree with this argument. Although Inferior Court Rule 10 specifies that the Arkansas Rules of Civil Procedure govern matters of procedure in the inferior courts, Rule 10 does not refer to the Rules of Appellate Procedure. It is Rule 4 of the Rules of Appellate Procedure—Civil that extends the time for the filing of the notice of appeal after a motion for new trial is filed under Rule 59 of the Arkansas Rules of Civil Procedure. Rule 1 of the Rules of Appellate Procedure—Civil, however, provides only that the appellate procedure rules apply to appeals to the Arkansas Supreme Court or Court of Appeals. *See West Apartments, Inc. v. Booth*, 297 Ark. 247, 760 S.W.2d 861 (1988). Further, Inferior Court Rule 9 requires that the appealing party file the record of the inferior court proceeding within thirty days in order to perfect an appeal. *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994).

■ Arkansas Code Annotated section 27-66-403(b) (Repl. 1994), which sets the sixty-day appeal period for county court orders regarding the establishment of a private road, does not purport to address "how" an appeal is taken. Consequently, even assuming that the sixty-day provision of section 27-66-403(b) applied to the case now before us, the manner or procedure for perfecting the appeal would still be controlled by Inferior Court Rule 9. Monday, August 6, 2001, was the final day for filing in the sixty-day period measured from the county court's June 5, 2001, order of dismissal. Although appellants filed their notice of appeal on August 6, the record was not filed with the circuit court until August 9, 2001. The August 6 filing would have been effective only if appellants had filed the *record* on that date, but they did not do so. The filing of the notice of appeal alone was ineffective to perfect the appeal. *Ottens, supra*.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.