Tommy BARNETT, Laverne Barnett Drennan, Ruby Barnett Norman, Jimmie D. Norman, and Earl C. Kirk, Jr. *v.* Leonard HOWARD, Roy Sanchez, Bill Golla, Dick Finch, and Scott Crawford

02-1211                                                          120 S.W.3d 564

Supreme Court of Arkansas
Opinion delivered June 26, 2003

757

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre* and *Malcolm P. Bobo*, for appellants.

*Lightle, Raney, Bell & Simpson, LLP*, by: *Donald P. Raney*, for appellees.

W H. "DUB" ARNOLD, Chief Justice. ■ This appeal arises from an order of the Circuit Court of White County dismissing, as untimely, an appeal from a decision of the County Court of White County in an action to establish a private road. The case was appealed to the Arkansas Court of Appeals. The court of appeals affirmed the order of dismissal. *Barnett v. Howard*, 79 Ark. App. 293, 94 S.W.3d 342 (2002). Appellants then petitioned this Court for review. When we grant a petition for review following a decision by the court of appeals, we review the case as though it had been originally filed in this Court. *See Merez v. Squire Court Ltd. Partnership*, 353 Ark. 174, 114 S.W.3d 184 (2003); *Lewellyn v. Lewellyn*, 351 Ark. 346, 91 S.W.3d 63 (2002); *Sharp County Sheriff's Office v. Ozark Acres Imp. Dist.*, 349 Ark. 20, 75 S.W.3d 690 (2002). We affirm.

The history of the case is as follows: appellants filed a petition in the county court to establish a road that would allow a reasonable means of access to their land. The petition was denied. Appellants then filed a motion for new trial, which was likewise denied. Appellants filed a notice of appeal to the circuit court, where a hearing was conducted. The circuit court found that it lacked jurisdiction to hear the appeal because the appeal was not filed within the thirty-day period specified by Arkansas Inferior Court Rule 9. In the instant appeal, appellants contend that the circuit court erred in finding Rule 9 to be applicable to appeals from county court to circuit court and, therefore, that the circuit court erred in dismissing the appeal, finding that it lacked jurisdiction. We disagree with appellant and affirm the circuit court.

## I. Standard of Review

This case requires an interpretation of Arkansas Inferior Court Rule 9. We have held that we construe court rules using the same means, including canons of construction, as are used to construe statutes. *NCS Healthcare, Ark., Inc. v. W.P. Malone, Inc.*, 350 Ark. 520, 88 S.W.3d 852 (2002); *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually-accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* We review issues of statutory construction *de novo* as it is for us to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

## II. Merits

Rule 9 states that all appeals in civil cases from inferior courts to circuit court must be filed with the clerk of the circuit court within thirty days from the date of the entry of the judgment, and that an appeal from an inferior court to the circuit court shall be

taken by filing a record of the proceedings had in the inferior court. Inferior Ct. R. 9. Under Arkansas Code Annotated § 27-66-403(a) and (b) (Repl. 1994), either party may appeal to circuit court within sixty days from the rendition of the county court's order regarding the establishment of a private road. Appellants argue that this case falls within the sixty-day appeal provision of § 27-66-403(b), rather than Rule 9, which, appellants argue, is a procedural rule promulgated by this Court, because the case is a "special proceeding" seeking to establish a private road under §§ 27-66-401 (Repl. 1994) to 27-66-404 (Repl. 1994). We disagree.

■ ■ We hold that the circuit court was correct in finding that the time for filing the appeal to circuit court was governed by Rule 9 and in relying upon the case of *Pike Avenue Dev. Co., Inc. v. Pulaski County*, 343 Ark. 338, 37 S.W.3d 177 (2001), in making its ruling. *Pike Avenue* held that the Arkansas Inferior Court Rules govern the procedure in all civil actions in the inferior courts (including the county courts), that the thirty-day appeal requirement of Rule 9 is both mandatory and jurisdictional, and that the circuit court correctly dismissed the appeal where neither the record nor a proper affidavit was filed within the thirty-day period. In the case at bar, the question is whether the appeal to circuit court was untimely, even assuming that the statutory sixty-day period applies; and, if it is untimely, is it then necessary to address the issue of whether the action was or was not a "special proceeding"? For the reasons that follow, we hold that the appeal was untimely; and, as such, we will not address the "special proceeding" issue.

On June 5, 2001, the county court entered an order dismissing appellants' petition for a private road. On June 15, 2001, appellants filed a motion for new trial and, alternatively, for amended and additional findings of fact. On July 2, 2001, the motion was denied. On August 6, 2001, appellants filed their notice of appeal with the county court clerk. On August 9, 2001, the county court record was filed in the circuit court.

In arguing that their appeal was, in fact, timely perfected, appellants contend that the time for filing the record on appeal was extended by the timely filing of their posttrial motion in county

court. In particular, appellants argue that the provisions of the Inferior Court Rules recognize that a timely-filed motion for amended or additional findings of fact, filed pursuant to the provisions of Rule 52 of the Arkansas Rules of Civil Procedure, and/or a timely-filed motion for new trial, pursuant to the provisions of Rule 59 of the Arkansas Rules of Civil Procedure, will, pursuant to the provisions of those Rules (and the similar provisions of Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure), extend the time within which an appeal can be timely perfected, because the time to start the running of the applicable period for filing the appeal does not start to run until there is a ruling by the court on such motions, or a period of thirty days has passed without a ruling by the court on such motions, and they are "deemed denied," for purposes of appeal. We, as did the court of appeals, disagree with appellants' argument. The court of appeals well articulated the reasoning behind its ruling, with which we agree.

> Although Inferior Court Rule 10 specifies that the Arkansas Rules of Civil Procedure govern matters of procedure in the inferior courts, Rule 10 does not refer to the Rules of Appellate Procedure. [*See* Inferior Ct. R. 10.] It is Rule 4 of the Rules of Appellate Procedure - Civil that extends the time for the filing of the notice of appeal after a motion for new trial is filed under Rule 59 of the Arkansas Rules of Civil Procedure. Rule 1 of the Rules of Appellate Procedure—Civil, however, provides only that the appellate procedure rules apply to appeals to the Arkansas Supreme Court or Court of Appeals[, which is not the case here]. *See West Apartments, Inc. v. Booth*, 297 Ark. 247, 760 S.W.2d 861 (1988). Further, Inferior Court Rule 9 requires that the appealing party file the record of the inferior court proceeding within thirty days in order to [timely] perfect an appeal. *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994).

> Arkansas Code Annotated § 27-66-403(b) (Repl. 1994), which sets the sixty-day appeal period for county court orders regarding the establishment of a private road, does not purport to address "how" an appeal is taken. Consequently, even assuming that the sixty-day provision of section 27-66-403(b) applied to the case now before us, the manner or procedure for perfecting the appeal would still be controlled by Inferior Court Rule 9. [In this case,] Monday, August 6, 2001, was the final day for filing in the sixty-day period measured from the county court's June 5, 2001[,]

order of dismissal. Although appellants filed their notice of appeal on August 6, [2001,] the record was not filed with the circuit court until August 9, 2001. The August 6 filing [date] would have been effective only if appellants had filed the *record* on that date, but they did not do so. The filing of the notice of appeal alone was ineffective to perfect the appeal. *See Ottens, supra.*

*Barnett v. Howard*, 79 Ark. App. at 296.

Affirmed.

CORBIN AND HANNAH, JJ., not participating.