Tommy BARNETT, Laverne Barnett Drennan, Ruby Barnett
Norman, Trustee of the Ruby Norman Revocable Trust, Jimmie D.
Norman, Trustee of the Jimmie D. Norman Revocable Trust, and Earl
C. Kirk, Jr., Trustee of the Earl Clifford Kirk, Jr. Revocable Trust  *v.*
Leonard HOWARD, Roy Sanchez, Bill Golla, Dick Finch,
and Scott Crawford

04-720                                                       211 S.W.3d 490

Supreme Court of Arkansas
Opinion delivered June 30, 2005

*Jack, Lyon & Jones, P.A.*, by: *Eugene G. Sayre* and *Malcolm P. Bobo*, for appellants.

*Lightle, Raney, Bell & Simpson, LLP*, by: *Donald P. Raney*, for appellees.

Jim Gunter, Justice. Appellants, who are children and heirs of Elbert and Lura Barnett, appeal from two orders of the White County Circuit Court: (1) an order of June 2, 2004, denying appellants' petition for a writ of mandamus; and (2) an order of May 18, 2004, denying appellants' Rule 60 motion to vacate and set aside its earlier order dismissing the case for untimeliness. Both this case and a companion case, *Barnett v. Howard*, Docket No. 05-200, arise out of a case which was previously appealed to and decided by this court. *See Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003). Therefore, we have jurisdiction under Ark. Sup. Ct. R. 1-2(a)(1)(7). We affirm the decisions of the circuit court.

This case began when the appellants filed a petition in the county court of White County to establish a "private road," pursuant to the provisions of Ark. Code Ann. § 27-66-401 *et seq.*, that would allow a reasonable means of access to their land. After appointing "viewers" pursuant to the statutory provisions, accompanying the viewers on a physical observation of the property, and reviewing the report of the viewers, the county court denied the petition and dismissed it with prejudice. The county court stated in its order entered on June 5, 2001, that it agreed with the viewers' assessment that "the property in question is not land-locked and a reasonable means of access currently exists from State Highway 31." Appellants filed a motion for a new trial, which was denied by the county court.

On August 6, 2001, appellants filed a notice of appeal to the White County Circuit Court. On October 26, 2001, the circuit court dismissed the case, finding that it lacked jurisdiction to hear the appeal because the appeal was not filed within the thirty-day period specified by Arkansas Inferior Court Rule 9. The circuit court's order of dismissal was affirmed first by the court of appeals and then by us. *See Barnett v. Howard*, 79 Ark. App. 293, 94 S.W.3d 342 (2002), and *Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003).

On November 27, 2002, while the appeal was pending before this court, the appellants filed two motions: (1) in the county court - a motion pursuant to Rule 60 of the Arkansas Rules of Civil Procedure to vacate and set aside the county court's order of dismissal; and (2) in the circuit court — a motion pursuant to Rule 60 of the Arkansas Rules of Civil Procedure to vacate and set aside the circuit court's order of dismissal. The subject of this

appeal is the motion filed in the circuit court.[1] The basis for both motions is that the county court's judgment denying the petition for a private road was based upon mistakes, errors, or constructive fraud because, although the court's order said that such findings had been made, the "viewers" had not actually made any factual findings that appellants had a "reasonable means of access" to their property, as required by the statute. On May 18, 2004, the circuit court denied appellants' Rule 60 motion, determining that it had no subject-matter jurisdiction to entertain the motion.

On June 2, 2004, appellants filed a petition for writ of mandamus with the circuit court, requesting it to order the county court to rule on the merits of appellants' Rule 60 motion. The circuit court denied the petition that same day. Appellants filed a notice of appeal on June 10, 2004, appealing the orders of the circuit court denying its Rule 60 motion and denying the petition for writ of mandamus. On June 22, 2004, the county court denied appellants' Rule 60 motion on the merits.

### I. Petition for Writ of Mandamus

██ Appellants filed a petition for writ of mandamus with the circuit court, requesting it to order the county court to rule on the merits of its Rule 60 motion, on June 2, 2004. The circuit court denied the petition that same day. On June 22, 2004, less than two weeks after appellants filed their notice of appeal, the county court denied appellants' Rule 60 motion on the merits. As the county court has acted in the matter, the petition for writ of mandamus is moot.

### II. Rule 60 Motion

Appellants argue that the circuit court's determination that it had no subject-matter jurisdiction to entertain their Rule 60 motion was in error. In their Rule 60 motion, appellants contend that the circuit court should set aside its order of dismissal because the *county court's judgment* was based upon mistake, error, and constructive fraud. We affirm the circuit court's dismissal.

██ Rule 60(c) authorizes a court "in which a judgment . . . has been rendered or order made" to vacate or modify that judgment for certain reasons set forth in section (c). Ark. R. Civ.

---

[1] The circuit court's refusal to review the county court's order denying the motion filed in that court is the subject of the companion appeal, Docket # 05-200.

P. 60(c). The order that appellants are attempting to vacate or modify is an order entered by the circuit court on October 26, 2001, dismissing the case for lack of subject-matter jurisdiction because the appeal was not timely filed. While appellants contend in their motion that the *county court's order* was based upon mistakes, errors, or constructive fraud, they offer no grounds under Rule 60 to set aside the *circuit court's order*. A Rule 60 motion is designed to provide relief from a judgment or decree erroneously entered by a court for one of the reasons set forth in the rule. Ark. R. Civ. P. 60. The circuit court in this case never entered such a judgment or decree because it concluded that it did not have subject-matter jurisdiction to do so. The circuit court's procedural dismissal of the case was affirmed by this court. *Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003). The circuit court cannot now obtain appellate jurisdiction it does not possess to review the county court's order by entertaining a motion to set aside the county court's order under Rule 60.

Appellants contend that the circuit court has subject-matter jurisdiction to entertain and rule upon the merits of the Rule 60 motion because — even though issues already litigated are barred from further review — the "substantive grounds" alleged by appellants in the Rule 60 motion were never presented to and ruled upon by the circuit court. The only authority appellants cite for this novel proposition is *Davis v. Davis*, 291 Ark. 473, 725 S.W.2d 845 (1987). In *Davis*, the trial judge issued a letter opinion addressed to the counsel of record directing appellant's counsel to prepare judgment in the amount of $12,836.14 in favor of his client. *Id.* at 474, 725 S.W.2d at 845. The attorney prepared the judgment in the amount of $24,761.14, and the case was appealed to and affirmed by the court of appeals. *Id.* Apparently, no one noticed the discrepancy until the appeal had been decided. After receipt of the mandate, the trial court issued an order correcting the judgment to the amount contained in the letter opinion. *Id.* Appellant appealed, arguing that the law-of-the-case doctrine prohibited the trial court from modifying the judgment which had been affirmed by the court of appeals. We disagreed, holding that Rule 60(c)(4) was an exception to the law-of-the-case doctrine because the order correcting the earlier judgment could not have been considered in the first appeal. *Id.* at 477, 725 S.W.2d at 847. The trial court's action correcting the earlier judgment occurred

after the appellate process was complete and, therefore, we held that the law of the case had no application as the issue had never been litigated. *Id.*

Appellants claim that the circuit court, acting as the appellate court in this case, never entertained or ruled upon the issues set forth in the Rule 60 motion. Relying on our reasoning in *Davis*, appellants claim that because these issues were not reviewed, the law-of-the-case doctrine does not bar their review now. *Davis* has no application to this case. First, the trial court in *Davis* not only had jurisdiction, it held a bench trial and entered an order of judgment. It was this judgment that we held could be corrected. In this case, the circuit court never had jurisdiction, never entertained the merits of the case, and had no "judgment" to correct. In fact, appellants are not even alleging that any Rule 60 errors occurred in the circuit court's judgment; they allege errors in the county court's judgment. *Davis* does not stand for the proposition that *any* issues not considered by the appellate court can be entertained, where the appellate court never had jurisdiction to entertain any issues in the first place. The circuit court has not ruled upon the specific "substantive grounds" set forth in the Rule 60 motion for the very reason it dismissed this case. That is, appellants' appeal to the circuit court was untimely. The circuit court therefore dismissed the case without ever entertaining or ruling on *any* substantive grounds because it had no jurisdiction to do so. It still has no jurisdiction to do so, regardless of the name of appellants' pleading. *See, e.g.,* *Allred v. State,* 310 Ark. 476, 837 S.W.2d 469 (1992) (we held that where circuit court had no jurisdiction to hear untimely appeal, it had no jurisdiction to grant a new trial).

We affirm the decisions of the circuit court.

HANNAH, C.J., not participating.