Tommy BARNETT, Laverne Barnett Drennan, Ruby Barnett Norman, Trustee of the Ruby Norman Revocable Trust, Jimmie D. Norman, Trustee of the Jimmie D. Norman Revocable Trust, and Earl C. Kirk, Jr., Trustee of the Earl Clifford Kirk, Jr. Revocable Trust *v.* Leonard HOWARD, Roy Sanchez, Bill Golla, Dick Finch and Scott Crawford

05-200 211 S.W.3d 494

Supreme Court of Arkansas
Opinion delivered June 30, 2005

---

*Jack, Lyon & Jones, P. A.*, by: *Eugene G. Sayre* and *Malcolm P. Bobo*, for appellants.

*Lightle, Raney, Bell & Simpson, LLP*, by: *Donald P. Raney*, for appellee Leonard Howard.

ANNABELLE CLINTON IMBER, Justice. This is the second appeal in a case that arises out of a petition for the establishment of a private road filed on May 17, 2000, in the County Court of White County. Appellants Tommy Barnett, Laverne Barnett Drennan, Ruby Barnett Norman, in her capacity as Trustee of the Ruby Norman Revocable Trust, Jimmie D. Norman, in his capacity as Trustee of the Jimmie D. Norman Revocable Trust, and

Earl C. Kirk, Jr., in his capacity as Trustee of the Earl Clifford Kirk, Jr. Revocable Trust, filed their petition in the county court to establish a road that would allow a reasonable means of access to their land. The petition was denied. Appellants then filed a motion for a new trial, which was likewise denied. Appellants filed a notice of appeal to the White County Circuit Court, where a hearing was conducted. Yet, because the appeal was not properly filed in accordance with Arkansas Inferior Court Rule 9[1], the circuit court concluded that it lacked jurisdiction of the appeal. From the circuit court's order dismissing the appeal, Appellants filed their first appeal. On October 23, 2002, the Arkansas Court of Appeals affirmed the circuit court's dismissal of the case. *Barnett, et al. v. Howard, et al.,* 79 Ark. App. 293, 94 S.W.3d 342 (2002). On June 26, 2003, we affirmed the circuit court on petition for review, concluding that the time for filing an appeal under Inferior Court Rule 9 is not extended by the timely filing of Ark. R. Civ. P. 52 and 59 post-trial motions in county court. *Barnett v. Howard,* 353 Ark. 756, 120 S.W.3d 564 (2003).

While we were still considering the case on review, but after the decision by the court of appeals, Appellants filed a motion to vacate and set aside order of dismissal in the county court. In their motion and brief in support filed on November 27, 2002, Appellants alleged that they were entitled to relief under Ark. R. Civ. P. 60 because of fraud and newly discovered evidence. After the mandate in the first appeal had been issued by this court, Appellants filed a supplement to their motion to vacate and set aside order of dismissal, again relying upon Ark. R. Civ. P. 60. In the supplemental brief filed in the county court on May 25, 2004, they alleged, among other things, fraud under Rule 60(c)(4) and they contended that the court had jurisdiction pursuant to Ark. R. Civ. P. 60(c) and (k).

The county court issued a final order on June 22, 2004, denying all pending motions and dismissing the petition with prejudice. Thereafter, Appellants timely filed an appeal in the circuit court in accordance with Inferior Court Rule 9. On December 7, 2004, Appellants filed a brief in the circuit court, making the argument once again that the court had subject matter jurisdiction pursuant to Rule 60(c) and (k). Then, on December

---

[1] Inferior Court Rule 9 governed at the time the notice of appeal was filed. The Arkansas Inferior Court Rules were modified to the Arkansas District Court Rules, effective January 1, 2005, to comply with Amendment 80 of the Arkansas Constitution.

17, 2004, the circuit court sent a letter to Appellants' counsel indicating that the case was closed once this court determined in the earlier appeal that the circuit court's dismissal of the case in 2001 was proper. As a result, the circuit court stated in its letter-order that any unresolved motions are "resolved by the dismissal and the affirmation."[2] On January 3, 2005, Appellants filed a notice of appeal from the circuit court's letter-order. We have jurisdiction of this case as it involves the application and interpretation of Ark. R. Civ. P. 60 (2005). Ark. Sup. Ct. R. 1-2(b)(6) (2005). Moreover, because this is the second appeal in this matter, jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(7) (2005).

In their first and second points on appeal, Appellants challenge the circuit court's holding that it lacked subject matter jurisdiction to entertain their appeal from the county court's June 22 order. More specifically, they contend that the "circuit judge's determination that he lacked subject matter jurisdiction in this case is clearly erroneous" pursuant to Rule 9 of the District Court Rules, Ark. Code Ann. § 27-66-403 (Repl. 1994), and Rule 60 of the Arkansas Rules of Civil Procedure. Appellants also assert that our affirmance in the first appeal did not preclude the circuit court from considering a subsequent appeal from the county court's denial of their motion to vacate and set aside order of dismissal filed pursuant to Rule 60(c) and (k). As stated earlier, the circuit court's letter-order concluded that the case was over when this court affirmed the dismissal of the first appeal. Specifically, the circuit court stated:

> You filed in the County Court of White County, Arkansas, a petition to create or open a road to your clients [sic] property. A decision was made with which you disagreed. You filed an appeal with the White County Circuit Court, CV-2001-371.
>
> Your appeal to the Circuit Court was not timely filed and the appeal was dismissed. You appealed that decision to the Arkansas Supreme Court. The Supreme Court affirmed the dismissal. This was the end of your case.
>
> You know that any motions unresolved are resolved by the dismissal and the affirmation. You cannot keep coming back to the same case.

---

[2] The letter-order was filed on December 28, 2004.

> Your continued filings are without basis, and I believe, done without good faith. I am not doing anything further in this matter. It is closed.

The above-quoted language clearly indicates that the circuit court believed that the second appeal in this matter was governed by the law-of-the-case doctrine. That doctrine provides that the decision of an appellate court establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review. *See Kemp v. State*, 335 Ark. 139, 983 S.W.2d 383 (1998). The doctrine is conclusive of every issue of law or fact previously decided by the appellate court. *Id.*

In *Davis v. Davis*, 291 Ark. 473, 725 S.W.2d 845 (1987), our court addressed an issue that is similar to the one presented here. In that case, the appellant filed an action for breach of contract. The contract had been entered into by the parties during a divorce proceeding. A bench trial was held on July 29, 1983, and the trial court issued a letter opinion on September 1, 1983. The court instructed counsel for the appellant to prepare a precedent awarding his client damages in the amount of $12,836.14. On October 31, 1983, the appellant's attorney sent a precedent to the court in the amount of $24,761.14. The cover letter stated that counsel was adding $11,925 for the price of furniture which the appellee had not returned pursuant to their settlement contract. The appellee's attorney was not furnished a copy of the letter of transmittal. The court apparently routinely signed the judgment on November 16, 1983, without examining it, as it is customary for trial judges to rely upon the members of the bar to prepare judgments, orders, and decrees in accordance with the court's instructions. The record did not disclose when the appellee's counsel received a copy of the judgment. However, a motion for a new trial was filed on November 30, 1983. That motion was not pursued by the appellee.

In any event, the appellee in *Davis v. Davis, supra,* timely appealed the trial court's judgment to the Arkansas Court of Appeals, where it was affirmed on February 13, 1985, in an unpublished opinion. On March 1, 1985, the appellee filed a motion for additional time to file a petition for rehearing in the court of appeals. Three days later, the appellee filed a petition with the court of appeals to remand the case back to the circuit court. This motion was denied on April 3, 1985. The next day the appellee filed a petition for rehearing. The court of appeals denied

rehearing on April 24, 1985, and issued the mandate affirming the trial court's decision. Meanwhile, before the court of appeals issued its mandate, the appellee filed a motion in the lower court to correct the judgment. The trial court eventually entered an order on January 21, 1986, correcting the judgment to $12,836.14 pursuant to Ark. R. Civ. P. 60(c)(4), which authorizes the trial court to modify or vacate a judgment, after ninety days, for fraudulent conduct by the successful party in obtaining the judgment. Ark. R. Civ. P. 60(c)(4). We held that the court had jurisdiction to set aside or modify the judgment after the mandate of the appellate court had been returned. *Davis v. Davis, supra.* (relying on *Foohs v. Bilby,* 95 Ark. 302 (1910)).

The *Davis* court expressly noted that "the law of the case doctrine does not prohibit the trial court from taking any action pursuant to Rule 60(c)(4)." *Davis v. Davis,* 291 Ark. at 477, 725 S.W.2d at 847. Instead, Rule 60(c)(4) is an exception to the law-of-the-case doctrine. In other words, the judgment of the trial court setting aside the previous order was not a matter which the court of appeals considered or could have considered as the action by the trial court did not occur until after the appellate process was completed. *Davis v. Davis, supra.*

Accordingly, we conclude in the instant appeal that the circuit court erred in refusing to entertain the appeal by Appellants from the county court's denial of their motion to vacate or set aside order of dismissal filed pursuant to Rule 60(c)(4). The circuit court's decision was solely based upon the law-of-the-case doctrine as demonstrated by its language that "any motions unresolved are resolved by the dismissal and the affirmation" by the Supreme Court. As indicated by this court in the *Davis* case, a motion filed pursuant to Rule 60(c)(4) is not governed by the law-of-the-case doctrine. *Davis v. Davis, supra.*

There is, however, one distinguishing factor between the *Davis* case and this appeal. The *Davis* case originated in the circuit court, whereas this case originated in county court. While it is true that District Court Rules govern procedure in all civil actions in district and county court, those rules clearly provide that the Arkansas Rules of Civil Procedure shall govern matters of procedure in the district and county courts "where applicable and unless otherwise specifically provided herein." Dist. Ct. R. 1 (2005). In that regard, Rule 1 states in relevant part:

(a) These rules shall govern the procedure in all civil actions in the district and county court (hereinafter collectively called the "district courts") of this State. . . .

(b) Where applicable and unless otherwise specifically modified herein, the Arkansas Rules of Civil Procedure and the Arkansas Rules of Evidence shall apply to and govern matters of procedure and evidence in the district courts of this State.

Dist. Ct. R. 1(a) & (b). Because the District Court Rules do not specifically address matters of procedure involving motions to vacate or modify, Rule 60 of the Arkansas Rules of Civil Procedure applies to and governs the filing of such motions in the county court.

 Moreover, according to the District Court Rules, a party may appeal the decision of the county court to the circuit court in accordance with Dist. Ct. R. 9, which states in part:

(a) *Time for Taking Appeal.* All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment. The 30-day period is not extended by a motion for judgment notwithstanding the verdict, a motion for new trial, a motion to amend the court's findings of fact or to make additional findings, or any other motion to vacate, alter or amend the judgment.

(b) *How Taken.* An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

(c) *Unavailability of Record.* When the clerk of the district court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the district court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the district court (or the district court) to prepare and certify the records thereof for purposes of appeal and

that the clerk (or the court) has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the district court (or the court) and the adverse party.

Dist. Ct. R. 9(a) – (c). In this case, Appellants filed their appeal to the circuit court in accordance with Dist. Ct. R. 9. The county court entered its final order denying all pending motions and dismissing the petition with prejudice on June 22, 2004. On July 21, 2004, Appellants filed an affidavit pursuant to Dist. Ct. R. 9(c). As Appellants complied with Rule 9 within 30 days from entry of the county court's order, the circuit court had jurisdiction to conduct a *de novo* review of the county court's denial of Appellants' motion to vacate or set aside order of dismissal filed pursuant to Rule 60(c)(4).[3]

Despite the fact that the circuit court dismissed the case for the wrong reason, we must affirm its decision. *Middleton v. Lockhart,* 355 Ark. 434, 139 S.W.3d 500 (2003). It is generally true that when a circuit court declines to rule upon the merits based on a lack of jurisdiction, our court will not do so in an advisory capacity on appeal. *Yates v. Sturgis,* 311 Ark. 618, 846 S.W.2d 633 (1993). However, due to certain admissions made by Appellants in their brief regarding the merits of their motion, we must conclude that no issues remain for the circuit court to decide.

In their last point on appeal, Appellants contend that, notwithstanding the circuit court's failure to conduct a *de novo* review of the county court's final order of June 22, 2002, this court should rule on the merits of their motion to vacate and set aside order of dismissal that sought relief under Ark. Civ. P. 60. Appellants claim that they have asserted sufficient grounds for relief under Rule 60(c)(4) or (k). Rule 60 of the Arkansas Rules of Civil Procedure states in relevant part:

> (c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days.* The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

---

[3] In view of this holding, it is unnecessary for us to address Appellants' argument regarding jurisdiction pursuant to Ark. Code Ann. § 27-66-403 (Repl. 1994).

(4) For misrepresentation or fraud (whether heretofore denominated intrinsic or extrinsic) by an adverse party.

(k) *Independent Action to Set Aside Judgment — Writs Abolished.* A motion under this rule does not affect the finality of a judgment or decree or suspend its operation, except as provided herein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment who was not actually personally served with process or to set aside a judgment or decree for fraud upon the court. Writs of coram nobis in civil cases, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.

Ark. R. Civ. P. 60(c)(4) & (k) (2005).

As to subsection (c)(4) and subsection (k) of Rule 60, Appellants have expressly admitted that their claims do not fit within either of those provisions. With respect to Rule 60(c)(4), Appellants make the following statement in their brief:

The equitable relief sought by the Appellants, by way of their Rule 60 based Motion to Vacate and Set Aside Order of Dismissal (in the County Court), probably falls under the catch all provisions of Rule 60(k) of the Arkansas Rules of Civil Procedure, *since the Appellants acknowledge that the "mistake, error, or constructive fraud" (of which they expressly complained) was not caused by any of the adverse parties in this "private road proceeding."* Rather, the actions constituting the "mistake, error, or constructive fraud" were clearly committed by the presiding County Judge (or his retained legal advisor).

(emphasis added). In other words, Appellants acknowledge that the alleged fraud was not caused by an adverse party. Appellants have thereby expressly admitted on appeal that they do not have a basis for relief under Rule 60(c)(4).

Likewise, with regard to Rule 60(k), Appellants' brief states:

[T]he Court should note that the provisions of Rule 60(k) expressly state that the procedure for filing a motion for relief from a judgment, order or decree "shall be [1] by motion as prescribed by these rules [*as the Appellants have chosen to utilize for the equitable relief sought in this "private road proceeding"*] or [2] by an independent action."

(emphasis added). By this statement, Appellants appear to be contending that relief under Rule 60(k) may be sought by filing either a motion under Rule 60 or a motion in the form of an independent action. We disagree. Rule 60(k) provides that the "procedure for obtaining any relief from a judgment or decree shall be *by motion as prescribed in these rules* or by an independent action." Ark. R. Civ. P. 60(k) (emphasis added). Despite Appellants' contentions to the contrary, Rule 60(k) simply reiterates that relief can be sought by filing a motion as prescribed under "these rules," such as Rule 60(c), or by filing an independent action as allowed by Rule 60(k). Ark. R. Civ. P. 60(k). In further support of their proposition that Rule 60(k) provides equitable relief, Appellants cite a decision by the Arkansas Court of Appeals, *Pryor v. Raper*, 46 Ark. App. 150, 877 S.W.2d 952 (1994). Yet, the petitioners in the *Pryor* case filed an independent action to the original lawsuit. *Id.* Here, Appellants concede that they are filing a motion under Rule 60(c) and not an independent action. Accordingly, we conclude that Appellants have no basis for relief under either Rule 60(c)(4) or Rule 60(k). For that reason, no issues remain for the circuit court to decide.[4]

Affirmed.

HANNAH, C.J., not participating.

---

[4] Appellants also argue that the circuit court's failure to address the merits of their motion to vacate and set aside order of dismissal constituted a violation of their due process rights. In view of our disposition of this appeal, we need not address their due process argument.