Lee MURCHISON *v.*
SAFECO INSURANCE COMPANY of ILLINOIS

05-826                                                    238 S.W.3d 11

Supreme Court of Arkansas
Opinion delivered June 29, 2006

*Alvin D. Clay*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Brett D. Watson*, for appellee.

JIM GUNTER, Justice. This appeal arises from an April 8, 2005, order from the Pulaski County Circuit Court setting aside a February 1, 2005 order which set aside a December 16, 2004 order granting summary judgment in favor of appellee, Safeco Insurance Company of Illinois. On appeal, appellant, Lee Murchison, argues that the trial court erred in setting aside the February 1 order because Ark. R. Civ. P. 60(a) allows the circuit court to set aside a judgment within ninety days. Appellee argues that Ark. R. App. P.–Civil 4 applies. We hold that the circuit court was without jurisdiction to hear appellant's motion to set aside the summary-judgment order, and we dismiss the appeal.

Appellant initially filed a complaint against appellee based on his insurance contract for motor-vehicle coverage. In his complaint, he alleged that his insurance was in effect on the day that he was involved in an automobile accident. Appellee filed an answer, and on November 19, 2004, appellee filed a motion for summary judgment, pursuant to Ark. R. Civ. P. 56, on the grounds that appellant's insurance was properly cancelled for failure to pay his premium. On December 16, 2004, the circuit court entered an order, granting summary judgment in favor of appellee. Approximately one hour after the circuit court's order was filed on December 16, 2004, appellant filed a motion to extend the time for responding to appellee's motion for summary judgment on the

basis that appellant's previous trial counsel, Alvin Clay, who now is the appellate attorney in the case, failed to respond timely to the motion.

On December 20, 2004, appellant filed a motion to set aside summary judgment, arguing that he could not determine the exact date of service of the summary-judgment motion and did not receive the motion on the date indicated on the certificate of service. Without specifically citing Rule 60, appellant asserted that he had a "good, valid and meritorious claim" and "to permit the summary judgment to be entered in this manner would be an injustice to the plaintiff." On that same day, December 20, 2004, appellant also filed a response to appellee's motion for summary judgment, requesting that the summary-judgment motion be denied and that the matter be set for trial. On January 24, 2005, appellee responded to appellant's motion to set aside the summary-judgment order, stating that appellant failed to respond to the summary-judgment motion in a timely manner, and that appellant failed to provide "evidence of mistake, error, fraud, or legal error which would bring his situation within the confines of Rule 60." A hearing on the matter was held on January 25, 2005. At the hearing, appellant's counsel represented that he failed to respond timely to appellee's motion for summary judgment based upon a "multitude of family problems" that constituted "pure inadvertence." Appellant's counsel requested that the circuit court "use Rule 56 sparingly." After hearing the arguments and reviewing the pleadings, the circuit court entered a second order on February 1, 2005, setting aside its previous order granting summary judgment and granting appellant fifteen days to respond to appellee's motion for summary judgment.

On February 22, 2005, appellee filed a motion to set aside the February 1, 2005 order. In its motion, appellee argued that the circuit court was without jurisdiction to rule on appellant's motion to set aside the order under Ark. R. App. P.–Civ. 4(b)(1), because appellant's motion was deemed denied thirty days after it was filed. Appellant responded on February 25, 2005, arguing that Rule 60 was applicable. A hearing on appellee's motion to set aside was held on April 4, 2005, and on April 8, 2005, the circuit court entered a third order, granting appellee's motion to set aside the February 1, 2005 order setting aside summary judgment and reinstating the December 16, 2004 order granting summary judgment. Appellant timely filed a notice of appeal on May 5,

2005, appealing the April 8, 2005 order. Appellee filed a notice of cross-appeal on May 17, 2005. On April 27, 2006, appellee filed a motion to dismiss, which was submitted with this case.

We now consider the sole issue presented in the parties' briefs: whether the circuit court's February 1, 2005, order was proper. Appellant argues that the trial court erred in its April 8 order by setting aside the February 1 order that set aside the December 16 order granting summary judgment. Specifically, appellant contends that, under Ark. R. Civ. P. 60(a), a trial court has the discretion to set aside a judgment within ninety days "to correct errors or mistakes or to prevent the miscarriage of justice." *Id.* Appellant asserts that, under Rule 60(a), the circuit court had the authority to hear the motion to set aside.

Appellee responds, arguing that the circuit court did not have jurisdiction to enter the February 1 order based upon Ark. R. App. P.–Civil 4. Specifically, appellee contends appellant's motion to set aside was deemed denied because the circuit court did not act on the motion within the thirty-day period under Rule 4(b)(1).

This issue requires an interpretation of our rules. We have said we adhere to a strict interpretation of our rules. *Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001). Appellant relies upon Rule 60 of the Arkansas Rules of Civil Procedure, which provides in pertinent part:

> (a) *Ninety-Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

*Id.* A Rule 60 motion is designed to provide relief from a judgment or decree erroneously entered by a court for one of the reasons set forth in the rule. Ark. R. Civ. P. 60; *Barnett v. Howard*, 363 Ark. 150, 211 S.W.3d 490 (2005).

Appellant maintains that the February 1 order modifying the December 16 order was entered within the ninety days prescribed by Rule 60. However, in our review, we must also consider the interplay of Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure–Civil in the context of Rule 60 motions. Rule 4(b)(1) provides in pertinent part:

(b) *Extension of time for filing notice of appeal.*

(1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or *any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment,* the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. *However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.*

*Id.* (emphasis added).

Rule 4(b)(1) was amended in 2001, and according to the Reporter's Notes of the 2001 Amendment to Rule 4(b)(1), the rule was amended "to clarify which post-trial motions extend the time for filing the notice of appeal." The notes state, "For example, a motion to set aside the judgment pursuant to Rule 60 extends the time for filing the notice of appeal, so long as it is made no later than 10 days after the judgment is entered. The 10-day period corresponds to the time frame for motions under Rules 50(b), 52(b), and 59(a)." *Id.; see also First Nat'l Bank of Lewisville v. Mayberry,* 366 Ark. 39, 233 S.W.3d 152 (2006) (stating that because the motion to vacate was not filed within the ten-day period, it did not fall within the deemed-denied provision of Rule 4(b)(1)).

In this case, appellant's motion falls within the deemed-denied provision of Rule 4(b)(1). Here, the circuit court entered summary judgment in favor of appellee on December 16, 2004, and appellant's motion to set aside was timely filed on December 20, 2004, within the ten-day period. *See* Ark. R. App. P.–Civil 4(b)(1). However, the circuit court made no ruling on appellant's motion within thirty days, which is also required by Rule 4(b)(1), and the thirty-day period lapsed on January 19, 2005. Under Rule 4(b)(1), appellant's motion was deemed denied on that day, and a notice of appeal should have been filed thirty days from the deemed-denied date of January 19, 2005. It was not until January 25, 2005, that the circuit court held a hearing on appel-

lant's motion, and the circuit court subsequently entered a February 1, 2005 order setting aside the judgment. A notice of appeal was not filed in this case until May 5, 2005, after the April 8, 2005 order from which appellant now appeals.

██ ██ We have held that the failure to act within the thirty-day period under Rule 4(b)(1) results in loss of jurisdiction in the circuit court to consider an appellant's motion to set aside. *See Phillips v. Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991) (holding that the trial court's failure to enter an order disposing of Jacobs's motion for new trial within thirty days divested the trial court of jurisdiction to act on the motion thereafter) (overruled on other grounds by *Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999). Based upon this precedent, we hold that the circuit court was without jurisdiction to hold the hearing on January 25, 2005, regarding appellant's motion to set aside, and to enter the order on February 1, 2005. The circuit court also lacked jurisdiction to enter the subsequent order filed on April 8, 2005, and the time for filing a notice of appeal from the December 16, 2004 order has long expired. The notice of appeal is therefore untimely. Accordingly, we lack jurisdiction to hear the appeal, and we dismiss the appeal. *See Seay v. C.A.R. Transp. Brokerage Co., Inc.*, 366 Ark. 527, 237 S.W.3d 48 (2006). The December 16, 2004 order granting summary judgment in favor of appellee remains in effect.

██ We further note that the circuit court had continuing jurisdiction to vacate under Rule 60(a) for ninety days after the December 16, 2004 order was entered. The circuit court's opportunity to grant Rule 60(a) relief expired on March 16, 2005, or ninety days after the December 16, 2004 order. Here, appellant appeals from an order that was not entered until April 8, 2005, and the basis of this appeal was not timely to effect any Rule 60(a) relief. Therefore, we hold that the circuit court lost jurisdiction to grant Rule 60(a) relief ninety days after the December 16, 2004 order.

██ Because we hold that Rule 4(b)(1) is dispositive of the issue on appeal, we decline to address appellee's cross-appeal. Further, appellee's motion to dismiss is rendered moot.

Appeal dismissed.

HANNAH, C.J., and GLAZE, J., concur, noting that they would end the analysis with Rule 4(b)(1).