

# SUPREME COURT OF ARKANSAS

**No.** CR–17–324

| | |
|---|---|
| JAMES GRIFFIN<br><br>                           PETITIONER<br><br>V.<br><br>HONORABLE TONYA<br>ALEXANDER, CIRCUIT JUDGE<br>                           RESPONDENT | **Opinion Delivered** August 3, 2017<br><br>PRO SE PETITION FOR WRIT OF<br>MANDAMUS<br>[CRAIGHEAD COUNTY CIRCUIT<br>COURT, WESTERN DISTRICT, NO.<br>16JCR-15-751]<br><br><br>PETITION MOOT. |

**JOSEPHINE LINKER HART, Associate Justice**

Petitioner James Griffin filed in this court a pro se petition for writ of mandamus in which he contends that the Honorable Tonya Alexander, Circuit Judge, had not acted in a timely manner on a pro se petition for writ of error coram nobis filed on August 16, 2016, in the Craighead County Circuit Court. A timely response was filed, noting that Griffin's coram nobis petition had been ruled on, and, because, Griffin has received the relief he sought in filing the mandamus petition, it is now rendered moot.

The Honorable Brent Davis, Circuit Judge, filed a timely response to the mandamus petition, noting he presides over the Third Division of the Craighead County Circuit Court and that he took Griffin's plea of guilty.[1] The petition for writ of error coram nobis that is

---

[1]The Honorable Victor Hill, Circuit Judge, who presided over the Sixth Division of the Craighead County Circuit Court, entered the sentencing order after Judge Davis took Griffin's guilty plea. *See Foster v. Hill*, 372 Ark. 263, 275 S.W.3d 151 (2008) (a judge in a different division in the circuit may act in the absence of the judge handling the case). Judge Alexander, who was elected after Judge Hill retired, now presides over the Sixth Division of the Craighead County Circuit Court. It is notable that the sentencing order that was

SLIP OPINION

the subject of the petition for writ of mandamus had been filed in the Third Division of the Craighead County Circuit Court and named Judge Alexander as the respondent despite the fact that Judge Alexander presides over the Sixth Division of the Craighead County Circuit Court. Therefore, Judge Davis appropriately filed a response as the substituted respondent in lieu of Judge Alexander thereby relieving Judge Alexander of any duty to respond or act in this matter. Judge Davis further noted in his response that Griffin's petition for writ of error coram nobis was denied in an April 28, 2017 file-marked order.

As a general rule, we will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *Gray v. Thomas-Barnes*, 2015 Ark. 426, at 5, 474 S.W.3d 876, 879. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing controversy. *Id.*; *see Lott v. Langley*, 2013 Ark. 247 (Lott's prayer for relief could no longer be granted because election has taken place and the parties did not seek expedited consideration, rendering the matter moot.); *Barnett v. Howard*, 363 Ark. 150, 211 S.W.3d 490 (2005) (Because the county court had acted in the matter, the petition for writ of mandamus was moot.). Because Griffin has received the relief he sought, and the subject of the mandamus action has been acted on by the substituted respondent circuit judge, Judge Davis, the mandamus action is moot.

Petition moot.

---

signed by Judge Hill states that it is from the Sixth Division. The pleadings in the record and Judge Davis's own assertion indicate that this case is a Third Division case, and, as such, it appears the notation of the Sixth Division at the top of the sentencing order is a scrivener's error.