KENNETH S. HIXSON, Judge
This appeal arises from a case in which damages were awarded for the improper destruction of trees. Appellants Charles Nathan Harrelson, et al. (the Harrelsons) own real property that is adjacent to real property owned by appellee Dee King (King). The Harrelsons filed a complaint against King, alleging that he had trespassed by building a fence encroaching onto their property, and that he had caused damage by removing some of their trees. After a bench trial, the trial court entered an order in favor of the Harrelsons, ordering King to remove the fence, which was on the Harrelsons' property, and awarding the Harrelsons $42,530 in damages for the loss of their trees.
*886 King filed a posttrial motion for new trial and for judgment notwithstanding the verdict, asking for a new trial, and also asserting that the damages award was inconsistent with Arkansas law and was excessive. After a hearing on King's motion, the trial court entered an order denying King's motion for new trial and for judgment notwithstanding the verdict, but granted King's request with respect to the amount of damages, reducing the damages award from $42,530 to $13,730. The Harrelsons now appeal from the postjudgment order that reduced their damages, as well as the original judgment itself. The Harrelsons seek no relief from the original judgment, but argue that the trial court erred in entering the order that reduced their damages. We hold that the trial court was without jurisdiction to hear King's posttrial motion and to modify the original judgment, and we reinstate the original judgment and the damages awarded therein.
The original judgment awarding the Harrelsons $42,530 in damages was entered on February 7, 2017. King's posttrial motion was filed on February 21, 2017, wherein he sought relief pursuant to Rules 59 and 60 of the Arkansas Rules of Civil Procedure. No action was taken on King's motion within thirty days. The hearing on the motion was held on March 30, 2017, and the trial court entered an order on April 11, 2017, which purported to grant King's request for relief pursuant to Rule 60 and reduce the damages to $13,730.
We conclude that the trial court was without jurisdiction to enter the amended order reducing the damages award because King's posttrial motion had already been deemed denied pursuant to Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil. Rule 4(b)(1) provides:
Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment , the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.
(Emphasis added.)
Rule 4(b)(1) was amended in 2001, and according to the Reporter's Notes of the 2001 Amendment to Rule 4(b)(1), the rule was amended "to clarify which posttrial motions extend the time for filing the notice of appeal." The notes state, "For example, a motion to set aside the judgment pursuant to Rule 60 extends the time for filing the notice of appeal, so long as it is made no later than 10 days after the judgment is entered. The 10-day period corresponds to the time frame for motions under Rules 50(b), 52(b), and 59(a)." Id.
In Murchison v. Safeco Insurance Company of Illinois , 367 Ark. 166, 238 S.W.3d 11 (2006), the supreme court considered the interplay of Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil in the context of Rule 60 motions. In that case, the trial court entered an order granting the appellee's motion for summary judgment on December 16, 2004. The appellant filed a motion, pursuant to Rule 60, to set aside that order on December 20, 2004. The trial court held a hearing on *887 the motion on January 25, 2005, and entered an order granting the motion on February 1, 2005.
The supreme court in Murchison held that the Rule 60 motion, which had been timely filed within the ten-day period, fell within the deemed-denied provision of Rule 4(b)(1). However, the trial court had made no ruling on the motion within thirty days as required by Rule 4(b)(1), so the motion was deemed denied on January 19, 2005. The supreme court wrote:
We have held that the failure to act within the thirty-day period under Rule 4(b)(1) results in loss of jurisdiction in the circuit court to consider an appellant's motion to set aside. Based upon this precedent, we hold that the circuit court was without jurisdiction to hold the hearing on January 25, 2005, regarding appellant's motion to set aside, and to enter the order on February 1, 2005.
(Citations omitted.) Murchison , 367 Ark. at 171, 238 S.W.3d at 14-15.
In Reimer v. Ragsdale , 2011 Ark. App. 81, 2011 WL 386988, this court, citing Murchison, supra , held that the trial court lost jurisdiction to rule on the appellant's timely Rule 60 motion when the court failed to act within thirty days. In that case, the trial court entered an order of dismissal on November 5, 2009, and appellant filed a Rule 60 motion on November 18, 2009. The trial court entered an order denying the motion more than thirty days later on January 14, 2010. We held that the Rule 60 motion had been filed within ten days because Rule 6(a) of the Arkansas Rules of Civil Procedure provides that "[w]hen the period of time prescribed or allowed is less than fourteen (14) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation." See also Whitmer v. Sullivent , 373 Ark. 327, 284 S.W.3d 6 (2008) (applying Ark. R. Civ. P. 6(a) to calculation of time for postjudgment motions under Ark. R. App. P.-Civ. 4(b)(1) ). Because the appellant had timely filed his Rule 60 motion, we stated that his motion fell within the ambit of Rule 4(b)(1), including the deemed-denied provision. Because appellant's motion was not ruled on within thirty days, we held that it was deemed denied December 18, 2009, at which time the trial court lost jurisdiction to rule on the motion.
In the present case, King's posttrial motion was filed, pursuant to Rules 59 and 60, on February 21, 2017. Excluding Saturdays and Sundays, the motion was filed within ten days of the trial court's February 7, 2017 judgment, and therefore the deemed-denied provision of Ark. R. App. P.-Civ. 4(b)(1) is applicable. Therefore, King's posttrial motion was deemed denied on March 23, 2017. In accordance with our supreme court's holding in Murchison , supra , the trial court was without jurisdiction to hold the hearing on March 30, 2017, regarding King's posttrial motion, and was without jurisdiction to enter the order on April 11, 2017. Because the trial court had lost jurisdiction, the April 11, 2017 order is void. See Duncan v. Duncan , 2010 Ark. App. 561, 377 S.W.3d 431. The posttrial motion was deemed denied by the trial court's inaction, so the original judgment entered on February 7, 2017, must stand without alteration.
In the Harrelsons' notice of appeal, which was filed on April 18, 2017, they designated that they were appealing from the February 7, 2017 judgment and the order that amended the judgment entered on April 11, 2017. Because the notice of appeal was filed within thirty days of the day King's posttrial motion was deemed denied on March 23, 2017, it was timely and effective with respect to an appeal from the original order entered on February 7, 2017. However, the Harrelsons *888 seek no relief from the February 7, 2017 judgment. In this appeal, the Harrelsons challenge only the April 11, 2017 order, arguing that the trial court's reduction of damages was erroneous. However, because the April 11, 2017 order was entered without jurisdiction, it was void. Based on our determination that the trial court lacked jurisdiction to entertain King's posttrial motion and grant his requested relief, we dismiss the appeal from that order and reinstate the original judgment. The arguments of the Harrelsons, who prevailed below, need not be addressed.
Appeal dismissed in part; original judgment reinstated.
Harrison and Whiteaker, JJ., agree.